[L. A. No. 2251.   In Bank.—June 13, 1910.]

# ALBERT C. WILLIAMS, Respondent, v. H. P. LANE, as Trustee in Bankruptcy of ADDIE L. ALLEN, Bankrupt, Appellant.

APPEAL—NEW METHOD—AUTHENTICATION OF PHONOGRAPHIC REPORT.—Where an appeal is taken by the new method, the phonographic report of the proceedings of the trial must be settled and allowed by the judge as being correct; and a transcript thereof merely certified to by the phonographic reporter is not properly authenticated, and cannot be considered upon appeal.

PARTNERSHIP—ACTION FOR ACCOUNTING AND SETTLEMENT—BANKRUPTCY OF ONE PARTNER—JURISDICTION SUSPENDED NOT OUSTED.—In an action between partners for an accounting and settlement of the partnership, a proceeding in bankruptcy by one of the partners does not oust the jurisdiction of the superior court, but at most merely suspends it during a specified period; but it is not absolutely suspended, as the trustee in bankruptcy may be authorized to represent the bankrupt, without becoming a party to the record.

ID.—PLEADING—JUDGMENT "DULY GIVEN AND MADE"—ORDER OF BANKRUPTCY COURT IMPORTED.—Where in the action to settle and adjust the partnership account, it is alleged that a judgment was "duly given and made" settling the account between the partners, as of a date subsequent to the petition in bankruptcy, the pleading imports the existence of every fact essential to the jurisdiction of the court to render the judgment, and if one of the facts relating to the jurisdiction was the order or approval of the bankruptcy court permitting the trustee to prosecute it, it is under the pleading imported that such order was made or approval given.

ID.—EXCLUSIVE JURISDICTION OF SOLVENT PARTNER TO ADMINISTER ASSETS.—Under the Bankruptcy Act, the solvent partner has exclusive jurisdiction to administer the partnership assets, and where the receiver had improperly taken possession of them in the bankruptcy proceeding by one partner, the bankruptcy court properly turned them over to the solvent partnership for administration, subject to the right of the receiver to take the share finally awarded the insolvent partner.

ID.—REFUSAL OF RECEIVER TO ACCOUNT—JURISDICTION OF STATE COURT.—The bankruptcy court had no jurisdiction to settle the partnership assets, and when the receiver refused to settle with the solvent partner, he had the right to bring an action in the state court to compel him to account with the solvent partner.

ID.—JUDGMENT SETTLING ACCOUNTS BETWEEN PARTNERS CONCLUSIVE.—The judgment settling the accounts between the partners was conclusive, and could not be collaterally assailed by the receiver.

ID.—MATTER AVAILABLE UNDER ANSWER—CROSS-COMPLAINT UNNECES-
SARY.—Where the whole matter of a proper accounting by the
plaintiff was available under the answer, a cross-complaint was
unnecessary, and the defendant was not harmed by the sustaining
of a demurrer thereto.

APPEAL from a judgment of the Superior Court of Santa ·
Barbara County. Walter Bordwell, Judge presiding.

The facts are stated in the opinion of the court.

Ralph W. Schoonover, for Appellant.

Day & Day, for Respondent.

LORIGAN, J.—This action was for an accounting brought
by a solvent partner against the trustee in bankruptcy of his
insolvent partner.

From a judgment settling the account the defendant ap-
peals, and accompanies his appeal with what purports to be a
transcript of the testimony and proceedings in the case, pre-
pared under section 953a of the Code of Civil Procedure, in
lieu of a bill of exceptions, under which he attacks the suffi-
ciency of the evidence to sustain the findings.

Objection to a consideration of this transcript is made by
respondent on the ground that it is not properly settled, al-
lowed and certified. The only thing which purports to be a
certification of the transcript is the certificate of the official
stenographer of the court, who states that it is a correct tran-
script of the "hearing had in the above-entitled action and re-
ported by me on the fourth and fifth days of December, 1907."

This is not the method provided for in section 953a for the
authentication of a transcript to be used in lieu of a bill of
exceptions. The phonographic report of the trial provided
for in that section must, after due proceedings pointed out in
the section, be settled and allowed by the judge and certified
to by him as correct, so as to constitute a record available on
appeal in lieu of a bill of exceptions. None of the requisite
steps were taken, and hence there being no proper authentica-
tion of the transcript in question, the objection to its consid-
eration must be sustained.

This leaves only for examination the points made by appel-
ant on the judgment-roll, which are, that the trial court erred

in overruling his demurrer to the complaint and sustaining the respondent's demurrer to his cross-complaint.

As to the demurrer to the complaint. The complaint sets forth that on May 9, 1905, plaintiff and one Addie L. Allen were partners, doing business under the firm name of A. C. Williams & Company; that on said last date, by a judgment of the superior court of Santa Barbara County "duly given or made," said partnership was dissolved, and subsequently, on the twelfth day of May, 1905, a judgment was "duly given or made" settling all the accounts of said partnership, and between said partners; that prior to said dissolution of partnership said Addie L. Allen had filed her petition in bankruptcy in the district court of the United States for the southern district of California, praying that each of the copartners, and the said firm of A. C. Williams & Co. be adjudged bankrupt; that on April 29, 1905, and prior to said judgment of dissolution a receiver was appointed by said district court, who took possession of all the property and accounts of said firm and retained them until the seventeenth day of August, 1906, when said district court ordered them returned to plaintiff as solvent partner, for administration; that said Addie L. Allen was adjudged bankrupt by said district court on December 5, 1905, and said H. P. Lane was, on March 13, 1906, duly appointed her trustee, and that plaintiff has endeavored to account with defendant, who refuses to make any settlement or accounting.

The complaint then sets forth that assets to the amount of $1145.13 had been returned to plaintiff by said receiver, exhibits an account showing the disposition of said fund in settlement of the obligations of the partnership, and prays for a settlement of the account.

The demurrer of defendant to this complaint questioned: 1. The validity of the judgments for a dissolution and accounting of the partnership referred to in the complaint; and, 2. The jurisdiction of the superior court to proceed at all in the immediate action at bar.

Both of these propositions, in a general way, may be considered together.

The point of appellant, as far as the original judgments for an accounting and dissolution are concerned, is that notwithstanding this action had been commenced and was being prose-

cuted at the time Addie L. Allen filed her petition in bankruptcy, the effect of filing such petition was to oust the state court of jurisdiction to proceed further in the matter, and that the judgments rendered thereafter were void. In this connection, while it is not definitely alleged in the complaint that the action for a dissolution and accounting which eventuated in the judgments therefor, was brought by Addie L. Allen against her partner, Williams, the briefs on both sides treat this as the fact.

It must of course be conceded that when the action for an accounting and dissolution was commenced, the court had complete jurisdiction of the subject-matter and the parties, and unless the effect of a filing of the petition in bankruptcy by one of the partners was, as asserted by appellant, to deprive the state court of jurisdiction, that court could have proceeded to render a valid judgment in the matter. The particular provision of the Bankruptcy Act—section 11 (U. S. Comp. Stats., 1901, p. 3426)—relied on by appellant, declares that "a suit which is pending on a claim from which a discharge in bankruptcy would be a release, and which is pending against a person at the time of filing a petition against him, shall be stayed until after an adjudication or the dismissal of his petition." It is asserted by respondent that the action which was pending in the state court for an accounting and dissolution of partnership was not a suit on a claim from which a discharge in bankruptcy would have relieved the insolvent partner. We perceive no reason however for discussing this proposition, because it is apparent to us that the provision of the Bankruptcy Act referred to does not pretend to oust the state court of jurisdiction. At best, it but suspends it during a specified period. And this is not an absolute suspension even during such period, because this same section provides (subds. b and c) that the bankruptcy court may order the trustee to enter an appearance and defend any pending suit against the bankrupt, or, with the approval of the bankruptcy court, the trustee may be permitted to prosecute as a trustee any suit commenced by the bankrupt, with like force and effect as if it had been commenced by him. There is nothing in the statute which requires that the trustee should be substituted for the bankrupt in name. He may prosecute or defend a pending action upon the order or approval of the

court without doing so. He may continue it in the name of the party whom he represents as trustee without actually becoming a party to the record.

Now while the complaint pleaded the judgments as "duly given or made" during a period intermediate the filing of the petition of the bankrupt and her adjudication as such, it is not disclosed by the complaint whether any order of the bankrupt court authorizing the trustee to further prosecute the suit brought by the bankrupt, was or was not, made. But, as far as the demurrer to the complaint is concerned it is immaterial whether it did or not. The judgments were pleaded as the code provides they may be, as being "duly given or made" at a certain date. (Code Civ. Proc., sec. 456.) So, conceding without deciding, that our state court had no jurisdiction to proceed further with the trial of the then pending cause, to which the bankrupt was a party, unless on approval of the bankrupt court, still when a judgment is pled under the code provision as "duly given or made" such a pleading, as the code section declares, imports the existence of all facts necessary to confer jurisdiction upon the court to pronounce it, and if one of the facts relative to jurisdiction to pronounce the judgment in question here was the order or approval of the bankruptcy court permitting the trustee to so further prosecute, it is under such a pleading imported that such order was duly made or approval given by the bankruptcy court. Hence the demurrer to the complaint was properly overruled.

On the point that the superior court had no jurisdiction to proceed, in the immediate action at bar, the claim of appellant is that the bankruptcy court has exclusive jurisdiction of the property of the bankrupt, and that such court is the only forum in which the administration of his estate can be had.

As a general proposition this is true. It is to be observed, however, as is quite apparent from the allegations of the complaint, that neither Williams, the plaintiff partner, seeking the accounting in the case at bar, nor the firm of Williams & Company, of which Addie L. Allen was a partner, was declared bankrupt by the bankruptcy court. Addie L. Allen was alone so declared. It is to be noted also that the bankruptcy law makes special provision as to the administration of partnership property where it is declared by subdivision h, section 5 of the Bankruptcy Act that "in the event of

one or more, but not all, of the partners of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the partner or partners not adjudged bankrupt; that such partner or partners not adjudged bankrupt shall settle the partnership as expeditiously as its nature will permit and account for the interest of the partner or partners adjudged bankrupt." Under this provision the partnership estate is to be administered by the solvent partner. In the matter of such settlement the bankruptcy courts have no jurisdiction over the solvent partner. While he is accountable to the trustee of the bankrupt partner, it is only for such property as may be the share of the insolvent after there has been an administration by him of the partnership property. We are pointed to no provision of the Bankruptcy Act which requires an action against the trustee in bankruptcy for an accounting as to the partnership property to be brought in the bankruptcy courts. In fact counsel for appellant admits that there is no direct provision on the subject, but claims that as the estate of the bankrupt must be administered by the bankruptcy court, that court necessarily has jurisdiction. But, as the partnership property is by express provision of the Bankruptcy Act not to be administered in the bankruptcy courts, but by the solvent partner, the act would seem to remit the solvent partner to such state tribunal as would have jurisdiction in those matters. The trustee in bankruptcy by section 23 of the act is limited in bringing or prosecuting suits to those courts where the bankrupt whose estate is being administered might have brought them if the proceeding in bankruptcy had not been instituted against him. There is no limitation in the act as to where the solvent partner shall bring his action for an accounting against the trustee. The solvent partner and the trustee might, without the aid of any court, have agreed to an accounting between them. The solvent partner having endeavored to effect this, and being unable to do so, was necessarily required to resort to some court to accomplish it, and in the absence of any requirement to proceed in the bankruptcy court, had a right to invoke the aid of the state court as the tribunal having jurisdiction in such matters, and to which the insolvent partner would have had to resort for an accounting had he not been declared

bankrupt. As the Bankruptcy Act declares that the partner-
ship property shall not be administered in bankruptcy, but
leaves the settlement of the partnership business to the solvent
partner, and as this may necessarily require an action for an
accounting, in the absence of anything in the act to the con-
trary, such action is properly brought in the state courts hav-
ing equitable cognizance of such matters.

The superior court had, therefore, jurisdiction of the action
at bar and the demurrer challenging that jurisdiction was
properly overruled.

Appellant complains of the action of the court in sustaining
a demurrer to his cross-complaint. By this pleading the
defendant attempted to attack the validity of the judgments
for dissolution of partnership and an accounting rendered
on the ninth and twelfth of May, 1905, which have heretofore
been discussed; to have them declared void and for an ac-
counting between the partners from the very formation of
the partnership, notwithstanding the making of a judgment
settling their account up to May 1, 1905. The basis for the
attack on the validity of the judgments is the same heretofore
considered—the pendency of the bankrupt proceedings against
the insolvent partner had before judgment, with the further
allegation that the fact of the pendency of such proceedings
was suggested to the trial court before judgment was entered,
with a demand for a stay of proceedings which was refused.
In this connection, however, the cross-complaint sets up the
judgments, from which it appears on the face thereof that
they are rendered by a court having jurisdiction of the
subject-matter and the parties and were rendered by consent
of the parties. There is nothing in the judgments to indicate
that there were any proceedings in bankruptcy pending when
they were entered. They are regular on their face, and, under
these circumstances, are conclusive and not subject to a collat-
eral attack, which is really all that appellant undertakes to
do by the particular allegations against their validity to which
we have just referred.

So, too, the judgment of May 12, 1905, in as far as it set-
tled the accounts of the partnership between the partners up
to May 1, 1905, is conclusive on the subject, and appellant
was not entitled to go back of it and have re-examined the
matters involved therein which had been adjudicated.

The only issue tendered by the allegation of the cross-complaint, aside from the attack on the judgments, was solely whether the solvent partner had accounted for all the partnership property. But as this issue was also made under the answer, appellant was not injured by the sustaining of the demurrer to the cross-complaint. He had the benefit in his answer of all that was contained in the cross-complaint on this material issue.

The entire matter of this partnership might have been settled in the original action had not the petition in bankruptcy filed by Addie L. Allen, one of the partners, prayed for an adjudication of bankruptcy not only against herself but also against her partner, the plaintiff, and the firm of Williams & Company. On the filing of that petition the trustee in bankruptcy took possession of all the assets of the firm. The bankruptcy court subsequently decreed that neither Williams nor the firm was bankrupt, but that Addie L. Allen alone was, and ordered the partnership property restored to Williams as solvent partner to settle the partnership business. It was only upon receipt of the partnership property and its conversion into money that the business of the partnership could be settled by the solvent partner and which settlement consisted only, in this instance, of the payment of the partnership creditors. This being done, it was necessary, in the absence of any agreed settlement with the trustee, to have the account settled by a court in order that any interest of the bankrupt in the partnership property might be turned over to his trustee in bankruptcy as the bankrupt law required.

Some other points are made by appellant, but they cannot be considered as they are based on the transcript accompanying the judgment in the case at bar, which not being properly authenticated is no part of the record.

The judgment appealed from is affirmed.

Angellotti, J., Shaw, J., Sloss, J., Melvin, J., and Henshaw, J., concurred.