[Civ. No. 3919.  Second Appellate District, Division Two.—March 6, 1923.]

ALMA BROWN, as Administratrix, etc., et al., Petitioners, v. CHARLES MONROE, Judge, etc., Respondent.

[1] APPEAL—REPORTER'S TRANSCRIPT—NONCOMPLIANCE WITH STATUTE —CERTIFICATION BY JUDGE—MANDAMUS.—The appellate court will not compel the trial judge to attach his certification to a purported reporter's transcript where the notice to the clerk, although filed within ten days, as required by section 953a of the Code of Civil Procedure, made no mention of a reporter's transcript, and the purported reporter's transcript presented by appellant was not presented in time.

PROCEEDING in Mandamus to compel Charles Monroe, Judge of the Superior Court of Los Angeles County, to certify to a purported reporter's transcript. Petition denied.

The facts are stated in the opinion of the court.

Charles S. Darden for Petitioners.

Ford & Bodkin for Respondent.

CRAIG, J.—This is a proceeding of *mandamus* to compel the defendant to attach his certification to a purported reporter's transcript.

It appears that a case entitled Louis Armelin and Alice Armelin, His Wife, *v.* Alma Brown, Administratrix, etc., was tried in the department of the superior court presided over by the defendant, and judgment was rendered by him therein on September 20, 1921, in favor of the plaintiff; that on the 6th of the following October the defendant served and filed a notice of appeal; that on October 15, 1921, defendant in said action served and filed a notice to the clerk of the court stating that the defendant had appealed from the final judgment entered and requesting "a transcript of the following documents, to-wit: Complaint, answer, judgment, Defendant's Exhibits 1, 2, and 3, Notice of Intention to Move for New Trial, Tender of Installment payment and interest due under Agreement of Sale of Real Estate and Notice of Appeal"; that on the twenty-sixth day

of January, 1922, defendant delivered to the clerk of the said court a document purporting to be a reporter's transcript of the trial, and asked the defendant to certify to it as provided in section 953a of the Code of Civil Procedure; whereupon the court, after objection by the plaintiff in said action, refused to certify to said alleged reporter's transcript. The above are the facts essential to a determination of this petition.

It must be held that the defendant in said action, petitioner in this proceeding, having served notice of appeal, at least from that time, had notice of the rendition of judgment. (*Estate of Keating,* 158 Cal. 113 [110 Pac. 109]; *Fiske* v. *Gosbey,* 168 Cal. 334 [143 Pac. 611].) **[1]** She served a notice to the clerk within ten days, as required by section 953a of the Code of Civil Procedure, but in it made no mention of a reporter's transcript. By this method of appeal the phonographic report of the trial must "after due proceedings pointed out in the section" be authenticated by the judge. (*Williams* v. *Lane,* 158 Cal. 39 [109 Pac. 873].) It is not intended or required that the trial judge shall settle, allow, and certify any purported transcript that may be presented to him by the defendant. A transcript produced "after due proceedings pointed out in section 953a" ordinarily requires no personal detailed examination by the judge to satisfy him of its correctness. An appellate court will not compel the trial judge to attach his certification to a document presented to him in entire disregard of the proceedings clearly provided to be pursued as precedent to such certification.

The petitioner, a long time after the notice had been served and filed, made a motion in the trial court for relief under section 473 of the Code of Civil Procedure, asking that the notice to the clerk be corrected by adding the words "transcript of testimony," which motion was denied. This fact has no bearing upon the decision of the instant *mandamus* proceeding.

Petitioner places much reliance upon what is said in *Smith* v. *Jaccard,* 20 Cal. App. 280 [128 Pac. 1023, 1026]. In that case a notice to the clerk requiring a phonographic report was served in time, but the report was filed subsequent to the time prescribed by section 953a of the Code of Civil Procedure. It was held that the failure of the re-

porter to file the transcript within the period allowed is not jurisdictional, and that the trial court did not abuse its discretion in certifying to its correctness.

In the instant proceeding the record shows that the trial court refused its certification, not only because the phonographic transcript was not presented in time, but because no notice requiring such a transcript had ever been served or filed, and hence the one presented to the court had no standing, ''due proceedings'' had not been taken to furnish it with legal credentials sufficient to require its recognition as the transcript which it purported to be.

The petition is denied.

Finlayson, P. J., and Works, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 3, 1923.