[Civ. No. 813.   Fourth Appellate District.—August 22, 1932.]

CRESPI & COMPANY (a Corporation), Respondent, v. L. F. GIFFEN et al., Appellants.

Irvine P. Aten for Appellants.

G. Levin Aynesworth for Respondent.

MORTON, J., *pro tem.*—This is a motion by respondent to strike the reporter's transcript from the record on appeal and for an order affirming judgment of the trial court. The motion is based upon the ground that the reporter's transcript has not been and cannot be properly authenticated under section 953a of the Code of Civil Procedure for the reason that the official reporter was not present during a

portion of the trial, at which certain evidence was introduced. ■ It appears that after the taking of the evidence at the first hearing, the trial court requested a further deposition of the witness Knowles. By stipulation this deposition was taken and filed in the action. Shortly thereafter counsel for both appellant and respondent appeared in court and without objection this deposition was offered and introduced in evidence and considered by the court; the cause was then further argued by both counsel. The official court reporter was not present during this hearing. It was also found necessary to correct the minutes of the court to show the introduction in evidence of this deposition and also another deposition offered during the trial. The official reporter certified to all of the evidence incorporated in his transcript except the two depositions. The trial judge, over the written objection of respondent, certified to the entire transcript as containing all the testimony and evidence offered and received at the trial. The court rendered judgment for the plaintiff and the defendant appeals.

Under section 953a of the Code of Civil Procedure it is the duty of the trial judge, when the reporter's transcript is presented to him for his approval, to examine it and to "see that the same is a full, true and fair transcript of the proceedings had at the trial, the testimony offered or taken, evidence offered or received, . . . " In the case of *Lake* v. *Harris,* 198 Cal. 85, at 88 [243 Pac. 417, 419], the court held: "It is the duty of the trial judge to authenticate all papers, records, and files which are not subject to certification solely by the clerk, and which are essential to a proper determination of the appeal." (Citing cases.) We find in *Bell* v. *Brigance,* 194 Cal. 445 [229 Pac. 27, 28], a case closely in point. There it appeared that certain proceedings were had at the trial and then a court reporter took the proceedings "from said point aforesaid". In denying the motion made to affirm the judgment the court said: "The judge shall examine the transcript, and if he finds it a full, true, and fair transcript of the matter required by the statute to be included, he shall certify to its truth and correctness. . . . The certificate of the judge is the only certificate required or provided for by section 953a, *supra,* and is the only authentication of the transcript to which this

442

court will look. The reporter's certificate may have been of assistance to the judge below, being *prima facie* evidence of the testimony and proceedings (Code Civ. Proc., sec. 273), but it adds nothing to the authenticity of the transcript in question. (*Williams* v. *Lane*, 158 Cal. 39, 40 [109 Pac. 873].)'' We feel this statement of the law clearly determines the question in issue here. The motion to strike the reporter's transcript from the record is therefore denied.

The ruling on the motion to strike removes the basis for the motion to affirm the judgment of the trial court and therefore it is also denied.

Marks, Acting P. J., and Jennings, J., concurred.