## DWINELLE *vs.* HENRIQUEZ.

Where the evidence given on the trial of a cause is conflicting, and no legal point has been improperly ruled by the court, the verdict of a jury is conclusive.

Where a written or printed instrument, as for instance a " card" published in a newspaper, is proposed to be given in evidence, and is rejected by the court, such evidence or the substance of it must be returned with the record, or this court will not attempt to review the decision of the judge at the trial.

Dwinelle *v.* Henriquez.

A card published in a newspaper by a witness, without the knowledge of either of the parties to the suit, is admissible in evidence for no purpose, unless it be to impeach the credibility of the witness. *Per* BENNETT, J.

Where the defendant calls the plaintiff as a witness, and the latter testifies to *new matter* not responsive to the inquiries put to him by the defendant, the defendant may offer himself as a witness on his own behalf, *in respect to such new matter*, but his testimony must be limited to an explanation or contradiction of such new matter.

Instructions of the court to the jury must all be taken together, and if, when thus viewed, the case appears to have been fairly presented to the jury, the verdict will not be disturbed.

A public officer, who stands in the relation of agent of the government or of the public, is not personally liable upon contracts made by him as such officer and within the scope of his legitimate duties; but the public administrator of the county of San Francisco is not a public officer within the meaning of the rule, and is personally liable upon a contract made in relation to estates upon which he administers, unless the idea of such personal liability be excluded by the contract.

APPEAL from the superior court of the city of San Francisco. The facts of the case are stated in the opinion of the court.

*John W. Dwinelle,* in person.

*R. N. Morrison,* for defendant.

*By the Court,* BENNETT, J. The action was brought to recover compensation for services rendered by the plaintiff as attorney and counsellor. The defendant was the public administrator of the county of San Francisco, and the services of the plaintiff were concerning an estate, the administration of which had been committed to the defendant as public administrator. The plaintiff proved a written retainer in the following words:—

"San Francisco, June 25, 1850.

" To Messrs. J. W. Dwinelle and Nathl. Holland :

" Gentlemen—You are severally requested to examine the " estate of William A. Leidesdorff, deceased, and institute such " proceedings and take such measures as you may deem neces- " sary and advisable for the due administration of said estate.

" Respectfully yours,

" JOSEPH HENRIQUEZ,

" Public Administrator of County

" of San Francisco."

Dwinelle *v.* Henriquez.

Conflicting evidence was given at the trial upon the question, whether the payment for the plaintiff's services was to depend upon the contingency of his success in the proceedings which he was requested to institute ; and, consequently, if no legal point has been improperly ruled against the defendant, the verdict of the jury must be conclusive.

Joseph L. Folsom, a witness on behalf of the defendant, testified that a " card" was written and published by him, with the advice of his attorney, in a newspaper, and it was proposed to give this publication in evidence. The court rejected the evidence, and a point is made by the defendant on this ground. The " card " published by Folsom is not returned, and however erroneous the decision of the court might have been, we cannot review it without having before us the evidence proposed to be given and rejected. At the same time, we entertain no doubt that the decision of the court was correct, for we can conceive of no case in which a card published in a newspaper by a witness, without the knowledge of either of the parties to the suit, could be, under any circumstances, admissible as evidence, unless for the purpose of impeaching the credibility of the witness. This was not the object of offering this card in evidence, and it was properly rejected.

The defendant called the plaintiff as a witness, who, in answer to questions of the defendant, admitted that a certain article in a newspaper showed to the plaintiff, was written by him, and also that his counsel fees and the costs, and a fair allowance to the public administrator were to be assessed upon the estate. The witness then stated *that he never said or intended to say in the newspaper article showed to him, that the defendant was not bound to pay him his fees.*

The defendant then offered himself as a witness and was sworn, and his counsel offered to prove by him " the whole un- " derstanding about the fees." This was objected to by the plaintiff, and the proposed evidence was rejected by the court, and it is now claimed that the decision of the court was erroneous. The argument of the defendant is based upon the assumption, that the statement of the plaintiff that he never

said or intended to say in the article published by him in the newspaper that the defendant was not bound to pay him his fees, was a statement of *new matter*, not responsive to the inquiries put to him by the defendant, and that consequently, the defendant was entitled to give his testimony on his own behalf, in explanation or contradiction of the testimony of the plaintiff.

Section 296 of the Practice Act of April 22, 1850, provides that a party to an action may be examined as a witness at the instance of the adverse party. Section 301 is as follows :—

"A party examined by an adverse party, as herein provided, "may be examined on his own behalf in respect to any matter "pertinent to the issue. But if he testify to any *new matter* not "responsive to the inquiries put to him by the adverse party, or "necessary to explain or qualify his answer thereto, or discharge, "when his answer would charge himself, such adverse party "may offer himself as a witness on his own behalf, in *respect to* "*such new matter*, and shall be so received."

Conceding that the plaintiff testified to new matter, which is by no means clear, what was such new matter ? It was whether he said or intended to say in the newspaper article that the defendant was not bound to pay him his fees. It was not whether, according to the original understanding between the plaintiff and defendant, the latter was or was not to pay the plaintiff, or whether his pay depended upon the contingency of his success in the proceedings he was about to take. It was simply what he said or intended to say in the newspaper article. The jury had that article in evidence before them, and could put their own construction upon it. But the defendant was not offered for the purpose of proving what was said or intended to be said in that article, but to prove *the whole understanding about the fees*. The plaintiff introduced no new matter in relation to the original understanding concerning fees. We think the decision of the court correct.

After the evidence was closed, the court, at the request of the plaintiff, charged the jury that the note from the defendant to the plaintiff of the 26th of June, proved an absolute retainer

Dwinelle v. Henriquez.

upon which the plaintiff was entitled to recover for his services what they were reasonably worth, unless such retainer was afterwards modified upon a good consideration. And, at the instance of the defendant, the court charged the jury, that if they believed the understanding between the plaintiff and defendant was, that the plaintiff's counsel fee was to be assessed and charged upon the estate, and was to depend upon the successful termination of the proceedings in the matter, then the jury would find a verdict for the defendant.

This charge must all be taken together, and considered in this way, it was substantially correct. The charge of the judge in substance was, that upon the written retainer of the defendant, the plaintiff was entitled to recover a reasonable compensation for his services; but if the understanding was, that the plaintiff was to look for his fee to the estate and not to the defendant personally, or if his fee was to depend upon the successful termination of the proceeding, then the verdict should be in favor of the defendant.

We think this charge correct. The retainer was an absolute and not a conditional retainer upon its face. The construction of it, like the construction of all contracts and documents, was a question for the court to decide, and not for the jury. At the same time, this retainer did not specify in what manner or by whom the plaintiff's fees were to be paid, and it was proper to allow evidence to be given for the purpose of showing whether his fee was to be a contingent fee, depending upon success, or whether it was to be a personal charge upon the defendant. These questions were, we think, fairly submitted by the court to the jury, and their verdict by which they have found that the fee was not to be a conditional or contingent fee, and that it was not the intention of the parties that the defendant should be exempt from personal responsibility, ought not to be disturbed by us, on the ground of the instructions to the jury which we have above considered.

The only remaining question in the case is whether the defendant, the public administrator of the county of San Francisco, is personally liable to the plaintiff. It is contended by

the defendant that he was a public officer, and that, in retaining the plaintiff, he acted in his official capacity, and, consequently, is not personally liable.

That a public officer who stands in the relation of agent of the government or of the public, is not personally liable upon contracts made by him as such officer and within the scope of his legitimate duties, is a doctrine clearly established, and not controverted by the plaintiff. (2 *Kent*, 632 ; *Story on Agency, Chap. XI ; Hodgson* v. *Dexter*, 1 *Cranch*, 345 ; *Walker* v. *Swartwout*, 12 *J. R.* 444 ; *Brown* v. *Austin*, 1 *Mass. R.* 208 ; 10 *Conn. R.* 329.) This doctrine is upheld on the presumption, that the contract was made upon the credit and responsibility of the government or the public, which would be ready and able to fulfil it promptly and with good faith. But this reason does not apply, when neither the government nor the public in any way can be considered or held responsible for a contract made by a person, although he may be a public officer. Neither the state, county, town or city, is liable on contracts made by the public administrator ; and, although he is a public officer, we think he is personally liable upon contracts made in relation to estates upon which he administers, unless the idea of such personal liability be excluded by the contract.

That an executor or administrator is, in ordinary cases, personally liable upon contracts made by him, in his representative capacity, after the death of the person whom he represents, and supported by some new consideration, is well established. (*Story on Contracts, sec.* 282, 283, 287 ; *Addison on Contracts*, 382.)

The defendant in this case was the representative, not of the government, nor of any political subdivision of the state, but of a private estate, committed to his charge, for his services in relation to which he was entitled to receive a per centage as compensation. He was appointed, it is true, in a different way from that in which executors and administrators are ordinarily appointed, but we do not see how a distinction can be made between contracts made by him with third persons, and contracts made by common executors and administrators. The mode of

appointment is different; the responsibility the same. There is no doubt that a private administrator in such a case as this would be personally liable, and according to our views the public administrator is equally so.

Judgment affirmed.