[No. 4,032.]

J. W. CLARK AND J. E. PERKINS *v.* G. W. GRIDLEY.

REVIEW OF EVIDENCE ON APPEAL.—The Supreme Court cannot review the evidence for the purpose of determining whether it is sufficient to sup-

port the judgment, unless the appeal is taken within sixty days from the entry of the judgment.

NOTICE OF INTENTION TO MOVE FOR A NEW TRIAL.—The party intending to move for a new trial must file, with the Clerk, and serve upon the adverse party, notice of his intention to do so, within thirty days after the decision or verdict.

PARTNERSHIP IN A VENTURE. — When two parties, residing in different places, agree, the one to buy and ship wool, and to pay for the same to draw on the other, and the other to pay the drafts, and sell the wool in a home or foreign market, charging interest for his advances, the two to share equally the losses, or to divide equally the net profits; the parties are partners in the venture.

PARTNERSHIP BOOKS AS EVIDENCE.—If two persons who are partners enter into a partnership with a third person residing in another place, and the accounts of the new partnership are kept in the books of the old partners, but are kept separately and not mingled with other accounts, and such third person has access to them, and knows that they are so kept, and makes no objection that they are not kept in separate books, the books are admissible in evidence in an action between the partners, for the purpose of proving the state of the partnership accounts.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Clark and Perkins, who were partners, doing business in the city of San Francisco, on the first day of April, 1865, entered into an agreement in writing with Gridley, who resided in the city of Marysville, by which Gridley undertook to purchase wool in Marysville and the country adjacent thereto, and ship the same to Clark and Perkins. Clark and Perkins were to pay all drafts drawn by Gridley to pay for the wool, and to receive the wool in San Francisco, and sell the same there or in a foreign market. Neither party was to charge commissions, but Clark and Perkins were to be allowed interest on their advances. Gridley was to share one half the profits or bear one half the losses, and Clark and Perkins were to do the same. The parties transacted business under the contract, until sometime in the year 1866. This action was brought for a partnership accounting. The plaintiffs alleged that the venture resulted in a loss of some four thousand dollars, which they had paid. They recovered judgment for two thousand nine hundred and ninety-seven dollars and fifty-seven cents.

The plaintiffs kept their accounts with the defendant in their old partnership books, but kept them separate from the other accounts contained in such books. The defendant objected to the books being received in evidence, but the objection was overruled.

The judgment was entered on the 24th of February, 1873. The defendant filed and served notice of intention to move for a new trial, on the 28th day of March, 1873. The motion for a new trial was denied on the 5th day of May, 1871, and the notice of appeal was filed July 9, 1871. The defendant appealed from the judgment, and from an order denying a new trial.

*Tully R. Wise,* for the Appellant.

The plaintiffs offered in evidence their books, to which we objected, and excepted to the admission. It is contended that we are partners, and that these books are evidence. As defendant lived in Marysville and plaintiffs lived in San Francisco, no books thus kept bound him without his consent. They were the private books of Clark and Perkins. The authorities are uniform, that these books are not evidence. (*The U. S. Bank* v. *Binney,* 5 Mass. 188; *Cameron* v. *Watson,* 10 Rich. Eq. 92; *Taylor* v. *Herring,* 10 Bosw. 433; *Heart* v. *Corning,* 3 Paige, 572.)

*Barstow* and *Stetson & Houghton,* for the Respondents.

The defendant had access to the books. Such a business as this was could not be carried on without keeping accounts. Gridley knew that. He could not keep them himself. Clark and Perkins alone could keep them. They did keep them, and Gridley knew it, and never objected to that course. He knew these accounts were kept in Clark and Perkins' own books, and in their office, and he never objected. The uniform practice of both parties from the beginning must be evidence of an agreement between them that the accounts should be kept just as they were kept. (*Haller* v. *Willamowicz,* 23 Ark. 566; 2 Pars. Cont. 50; Smith's Merc. Law, 29, 30; *Mosse* v. *Salt,* 32 Beav. 269.)

Appellant cannot raise any questions as to the sufficiency of the evidence to support the decision, because the appeal was not taken within sixty days from the entry of judgment. (Code Civ. Proc. Sec. 939.) The motion for new trial was properly denied, because notice of it was not given within thirty days after the decision. (Code Civ. Proc. Sec. 659.)

By the Court, CROCKETT, J.:

1. The defendant's notice of his intention to move for a new trial was not served or filed within the time required by law, and the motion was properly denied on this ground.

2. The appeal from the judgment was not taken within sixty days after the judgment was rendered; and, under section nine hundred and thirty-nine of the Code of Civil Procedure, we cannot on this appeal review the decision on the ground that it is not supported by the evidence.

3. The plaintiffs and defendant were clearly partners in the venture to which the contract between them related; and the partnership accounts, though kept in the books of the plaintiffs, were not intermingled with other accounts, but were separately stated; and the evidence shows that the defendant not only had access to the books when he desired, but knew that the partnership accounts were so kept, and made no objection on the ground that they were not kept in separate books. Under these circumstances the books were properly admitted in evidence.

The other points made by counsel for the appellant are without force, and need not be specially noticed. The appeal is without merit.

Order and judgment affirmed, with ten per cent. damages. Remittitur forthwith.

Mr. Justice RHODES did not express an opinion.