[Civ. No. 373. First Appellate District.—September 10, 1907.]

SAN FRANCISCO COMMERCIAL AGENCY, Appellant, v. HOWARD H. HOGAN COMPANY, Respondent.

APPEAL—BILL OF EXCEPTIONS—DOCUMENTARY EVIDENCE REJECTED— CONTENTS NOT SHOWN.—Where documentary evidence is offered and rejected, its contents, or so much thereof as is necessary to show that error has been committed, must be set forth in the bill of exceptions, otherwise this court cannot determine that the lower court erred in rejecting the offered evidence, or that the appellant was injured thereby.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

G. H. Perry, for Appellant.

Peck & Boynton, for Respondent.

HALL, J.—This is an action to recover the sum of $530.97 for merchandise sold and delivered by plaintiff's assignor to defendant.   Defendant admitted the sum of $200 to be unpaid, and for this sum plaintiff obtained judgment.   The appeal is by plaintiff, and the only matter urged for a reversal of the judgment and order denying plaintiff's motion for a new trial is the action of the court in refusing to admit in evidence on behalf of plaintiff a charred sheet from the ledger kept by plaintiff's assignor.   No attempt is made in the bill of exceptions to state the contents of the sheet other than it was the account of defendant.   Where written evidence is offered and refused, the contents of the writing, or so much thereof as is necessary to show that error has been committed, should be set forth in the bill of exceptions.   In the absence of any such statement the court cannot determine that the lower court erred in rejecting such offered evidence, or that the appellant was injured thereby.   (*Dwinelle* v. *Henriquez,* 1 Cal. 387; *Bornheimer* v. *Baldwin,* 42 Cal. 27; *Dyer* v. *Leach,* 91 Cal. 191, [25 Am. St. Rep. 171, 27 Pac. 598]; *Kurtz* v. *Forquer,* 94 Cal. 91, [29 Pac. 413].)

For this reason the judment and order are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.