[Civ. No. 1622.   Second Appellate District.—February 19, 1915.]

PACIFIC CARBONATOR COMPANY (a Corporation), Appellant, v. HAYDES & SON (a Copartnership), Respondents.

CONTRACTS—CONDITIONAL SALES—DEFAULT OF VENDEE—REMEDIES OF VENDOR.—A vendor of property which has been delivered to the vendee under a conditional-sale contract has the option in case of default of the vendee either to recover payments provided to be made under the contract, or to retake the property and put an end to all further obligation on the part of either party.

ID.—RIGHT TO RECOVER ON CONTRACT—WHEN NOT WAIVED—EXPRESSION OF INTENT TO RETAKE PROPERTY.—A vendor is not estopped from recovering the purchase price under a conditional-sale contract upon the vendee's default, by the mere statement of an intent to retake the property, where he does not take any affirmative action in that direction.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial.   W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

Irwin, White & Rosecrans, for Appellant.

Bowman & Rodabaugh, for Respondents.

JAMES, J.—Plaintiff sued on two counts, one being for merchandise sold to defendants, and the other for a balance of six hundred and forty dollars, with interest, alleged to be due on a promissory note executed by defendants in favor of plaintiff.   The trial court awarded judgment to plaintiff for twenty-two dollars and fifty cents on account of the merchandise sold, but denied judgment for any amount on the promissory note.   The appeal is taken by the plaintiff from the judgment so rendered against it, and from an order denying a motion for a new trial.

The promissory note was given as evidence of an indebtedness created by a written contract under which a certain lot of machinery was sold to defendants.   The promissory note was made payable in monthly installments of forty dollars,

which represented the terms under which the machinery was to be purchased. That the transaction amounted to a conditional sale, with title reserved in the vendor until all payments had been made, is admitted by both parties. It is also admitted that only the sum of one hundred and sixty dollars was paid by the defendants on account of the contract for the purchase of the machinery. The trial court made the following finding of fact under which the judgment was directed to be entered in favor of defendants;

"That defendant was unable to make the payments that became due thereafter and during the month of April, 1913, plaintiff informed defendant that owing to its being unable to make the payments when due, under the provisions of the said written agreement hereinbefore set forth, plaintiff would take the property described and remove it from the possession of defendant, and that all of the payments made thereon would be forfeited to plaintiff, to all of which defendant agreed, and plaintiff elected to cancel said contract, and take back said property, and believing and relying on plaintiff's said statement and election, defendant immediately procured other machinery and apparatus, and without delay notified plaintiff to remove the said machinery and apparatus from the premises of defendant."

It is claimed, among other contentions, that the evidence does not support the findings. In examining this point, we are referred to a statement of the evidence which was agreed to by the plaintiff and the defendants. In that statement the testimony of one of the defendants is given. This party testified that he and his codefendant were unable to make payments which became due after February, 1913, under this contract; that during the month of April, 1913, the agent of the plaintiff informed the defendants that "owing to defendants' failure to make the payments when due under the provisions of the written agreement between defendants and plaintiff, he was instructed by plaintiff to take the property described in the said agreement and remove it from the possession of defendants, and that all payments which had been made thereon would be forfeited to plaintiff; that Mr. Edmunds informed defendants that he would give them until a certain time, about three days thereafter, in which to make the payments then due, or that he would take out the machinery, and at the end of said three days Mr. Edmunds came to

defendants' place of business and informed defendants that he had come for the money or to take the machinery; defendants informed Mr. Edmunds that they did not have the money and that he would have to take the machinery, that it was the best they could do, to which Mr. Edmunds replied 'All right,' and immediately left defendants' place of business, but before leaving he adjusted a valve on one of the machines, but did not remove machinery from defendants' premises; that believing and relying upon the statements of Mr. Edmunds, that plaintiff was going to take out the machinery because the overdue installments were not paid, and not being able to make the said payments, defendants believed that they would be left without the necessary machinery to carry on the business and in order to protect themselves immediately, on the same day of their last conversation with Mr. Edmunds, purchased other machinery to take the place of that which they expected plaintiff to remove, and immediately, upon the receipt of the new machinery, the machinery of plaintiff was taken down and piled in one end of the building, and notice sent to plaintiff that it was stored there, subject to plaintiff's orders, but that said machinery had not been removed by plaintiff; that at the time of the trial of this action, a bottling attachment belonging to the plaintiff's machinery was attached to the new machinery purchased by defendants; that defendants had used said attachment after notifying the plaintiff to remove the said machinery from the defendants' place of business and until the new bottling attachment had arrived, but that it had not been used after defendants' new bottling attachment had arrived, but was kept mounted on said new machinery besides defendants' new bottling attachment, to prevent it from being broken by piling it with the remainder of plaintiff's machinery.'' The foregoing statement constitutes all of the material evidence shown in the transcript from which the court made the deductions set forth in the findings. A vendor of property which has been delivered to his vendee under a conditional-sale contract has the option in case of default either to recover payments provided to be made under the contract, or to retake the property and put at an end all further obligation on the part of either party. The contract in this case expressly provided that, in the event of default as to any payment agreed to be made by the vendees, repossession of the machinery sold might be had by the

26 Cal. App.—39

vendor, and in that event all payments theretofore made should be deemed and considered as having been paid for the use of the machinery. In fact, the agreement accorded in its general terms with the usual and ordinary contract for conditional sale. The contract provided that, in event default was made as to any payment, the whole amount of the purchase price mentioned in the contract should become immediately due and payable. It was in enforcement of its right under this term of the contract that plaintiff brought this action to recover the entire balance due on the promissory note. That the vendor under a conditional-sale agreement may either retake the property or pursue his remedy to recover the purchase price, is formulated as a genral rule by the text-books and decisions. (1 Mechem on Sales, sec. 615; Williston on Sales, sec. 579.) There is no dispute made by counsel for respondents as to the general rules and principles applicable to contracts of the class mentioned. It is contended, however, in support of the judgment as rendered, that the vendor definitely elected to retake the property agreed to be sold and that he, having manifested his election, was estopped from bringing this action to recover the balance of the purchase price. We have examined very carefully the cases cited in the argument advanced in support of this proposition, as found in the brief of respondents, but have not been able to reach the same conclusion as indicated by the judgment of the court. We do not believe that the vendor was bound by its statement as to an intent to retake the property until some affirmative step was shown to have been made in that direction. All that was shown in this case was the fact that appellant was endeavoring to secure payment of the amount of the installments due to it under the contract, and had threatened to take the machinery in the event respondents failed to fulfill their obligations. Further, that the agent of appellant, after having notified respondents that it would take the property unless payment was made, called again to insist upon payment and was then told that respondents had no money and that he could take the property. His reply was, "All right," but he neither then demanded that possession be turned over to him, nor did the appellant make any subsequent demand for its possession. The agent of appellant adjusted a valve on the machinery and left it in the possession of respondents and in a condition to be used by them. At

no time prior to the day of the trial does it appear that he returned; nor does it appear that appellant made any request for possession of the property or attempted in any way to take it. Respondents say that they took it for granted that the property would be taken away, and proceeded to purchase new machinery which they installed. They continued to use, however, a part of the machinery received from the appellant, and the property never was received by appellant from them. As to whether anything was paid for the new machinery, or how respondents were damaged because of their belief that appellant would retake the property in dispute, does not appear in any way by the testimony shown in the transcript. But, even though it had appeared that respondents had assumed some obligation by reason of their reliance upon the declaration of appellant's agent, we are of the opinion that they were not justified in so doing until appellant had exercised its option to retake the property by giving notice or performing some act such as would amount, at least, to a demand for its possession; or show an actual attempt to get it.

Holding these views, we think that the judgment as entered is not justified.

The judgment and order appealed from are reversed.

Conrey, P. J., and Shaw, J., concurred.