[Civ. No. 6260. First Appellate District, Division One.—September 22, 1928.]

STANLEY Y. SHEPARD, Appellant, v. WILLIAM H. YALE, Respondent.

M. H. Herman and Warren H. Pillsbury for Appellant.

Frederick Schneider for Respondent.

BEAUMONT, J., *pro tem.*—Plaintiff and defendant entered into a partnership for the purpose of raising and selling pigeons. After approximately a year of partnership business a dissolution was had. About two years thereafter plaintiff began this suit for an accounting and settlement. The complaint alleged that the property of the partnership consisted of certain real and personal property; that there had been a dissolution of the partnership, but that no accounting had been had. Defendant's answer admitted the dissolution, denying there had been no accounting, and denied the ownership by the partnership of said real property. Defendant, by way of special defense, set up certain new matter which will be referred to later herein. Defendant also filed a cross-complaint to quiet title to the real property. Plaintiff, *ex industria,* filed an answer not only to the cross-complaint, but to the special defense. Defendant had judgment on the complaint and answer, and on his cross-complaint obtained a decree quieting title as prayed. Plaintiff appeals.

Appellant urges many points for reversal of the judgment. Seven of these alleged that the evidence was insufficient to support the findings. After a thorough study of the record we are of·the opinion that the evidence is amply sufficient to sustain the findings. Even if we were not of this opinion, we would not be in position to hold that the evidence is insufficient, in view of the state of the record. Testimony was taken on two days. No reporter was present the first day. The record so shows, and the certificate of the judge attached to the transcript is to the same effect. Without the benefit of the entire record we could not say that the testimony was insufficient to support the findings. (*Foster* v. *Young,* 172 Cal. 317 [156 Pac. 476]; *Ross* v. *Burr,* 69 Cal. App. 286 [230 Pac. 986].) California Jurisprudence, volume 2, page 697, states: "The Appellate Court will not consider a question of the sufficiency of the evidence, unless all the evidence is included in the record on appeal."

■ The point most strongly urged by appellant for a reversal of the judgment is that the court failed to find upon the issue of mistake. In his special defense respondent alleged that he was the owner of the real property described in the complaint, and that it was not a part of the partnership assets; that when the dissolution was had, the partnership affairs were adjusted, and a complete settlement effected; that at the time of dissolution he agreed to sell and appellant agreed to buy the real property, a copy of the contract being attached to his answer. Appellant, though not required to do so, as the law supplies the denial necessary to raise an issue upon new matter contained in an answer (sec. 462, Code Civ. Proc.), filed a replication. In this he admitted the execution of the contract, but alleged that he was mistaken as to his rights when he executed it and that respondent had represented to him that he (appellant) had no interest in the real property, for the reason that he did not have a deed to a half-interest thereof. Respondent in his cross-complaint alleged that at the time of the execution of the contract above mentioned, and for a long time prior thereto, he was the owner of the real property; that said contract was for a valuable consideration, and that said agreement was "reasonable, fair and just and that the price for said land and premises was reasonable, fair and adequate, and all of which was well known to plaintiff herein." The court found that all the allegations of the cross-complaint were true. This alone is sufficient to negative any mistake on the part of appellant or that respondent had misrepresented any material fact. (*Estate of McClelland,* 181 Cal. 227 [183 Pac. 798]; *New Blue Point Mining Co.* v. *Weissbein et al.,* 198 Cal. 261 [45 A. L. R. 781, 244 Pac. 325].) In addition, the court specifically found that the real property was not a part of the partnership assets, but was the individual property of respondent; that it had been purchased with the individual funds of respondent; that upon the dissolution of the partnership an accounting was had, a settlement made and that appellant thereupon agreed to buy the property from respondent. In this case the findings fully support the judgment. ■ It is well established that such a judgment will not be reversed because of a failure to make an express finding upon an issue, if a finding thereon is neces-

sarily implied from the findings made. (24 Cal. Jur. 974, and cases cited.) ▮ Even if the inference as to the implied finding be illogical, still the judgment should not be set aside on this phase of the case, for failure to find on an issue is not ground for reversal of a judgment where, if the finding had been made, it would have been against appellant. (*Hulen* v. *Stuart*, 191 Cal. 562, 572 [217 Pac. 750]; *Krasky* v. *Wollpert*, 134 Cal. 338 [66 Pac. 309].) From the evidence in the record, from the facts found and from the judgment ordered, it is evident that had the findings been more complete, they would have been adverse to the contention of appellant.

▮ Another specification of error is the exclusion of offered testimony. Appellant testified that throughout the life of the partnership he kept account of the partnership business, entering in a book the items of receipts and expenditures; that he informed respondent that he was keeping these accounts and that the books were open to respondent's inspection; that respondent, at all times during the existence of the partnership, had access to the books. We are of the opinion that in view of this testimony, a sufficient foundation was laid for the introduction of the books.

▮ Partnership books are admissible in evidence for the purpose of showing the state of partnership affairs, even when the entries are made by one partner alone, provided each partner has access to the books at or soon after the time the entries are made. (20 Cal. Jur. 782; *Clark* v. *Gridley*, 49 Cal. 105; 30 Cyc. 743; 20 R. C. L. 934, 935.) ▮ We are of the opinion, however, that the exclusion of the proffered testimony was not prejudicial to appellant, as apparently from the record the offer was for the purpose of showing there was a record of the purchase of the land made in the partnership books, and that an entry relative to the land was placed therein with other entries pertaining to partnership business. This had already been shown in various parts of the testimony and was definitely in evidence when the books were offered. There was, at the time the offer was made, also testimony as to the balance shown by the books, the exact amount of the profits being given. The exclusion of the evidence was harmless where the fact sought to be established thereby was proved by other competent evidence. (2 Cal. Jur. 1022; *Ash* v. *Shoo Ling Sung*, 177

Cal. 356 [170 Pac. 843] ; *Duffy* v. *Duffy,* 71 Cal. App. 251–261 [235 Pac. 62].) We cannot determine whether there was anything else of material testimony in the books tendered in evidence, as a copy of the offered exhibit does not accompany the record. In such case we cannot say that there was error, having determined, of course, that the only apparently material testimony therein contained was clearly before the court at the time of the offer. (*McCormick Saeltzer Co.* v. *Grizzly Creek Lbr. Co.,* 74 Cal. App. 278 [240 Pac. 32] ; *San Francisco Commercial Agency* v. *Hogan,* 6 Cal. App. 408 [92 Pac. 312].)

We do not deem it necessary to consider other points argued by appellant. Judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.