[Civ. No. 4393. Third Appellate District.—October 31, 1932.]

CHARLES B. BAGWILL et al., Respondents, v. E. T. SPENCE, Appellant.

264

Butler, Van Dyke, Desmond & Harris for Appellant.

Wallace Shepard for Respondents.

PLUMMER, J.—The plaintiffs had judgment for the sale price of an automobile based upon a complaint containing two counts, one charging an open book account, and one charging the indebtedness arising from the sale and delivery of the automobile as and on account of the sale of goods, wares and merchandise sold and delivered by the plaintiffs to the defendant, upon which there was due and unpaid the purchase price thereof.

Upon this appeal the appellant contends that the evidence is insufficient to support the findings of the court, and that no action could be maintained for the purchase price of the automobile; that the action should have been only for the breach of an executory contract and damages resulting therefrom.

On or about the twelfth day of July, 1930, the defendant, after some negotiations had taken place relative to the sale and purchase of a certain "Hupp" automobile, signed the following order blank:

"Order Blank.

"Bagwill-McShane Co.

"Dealer's No. 2760                     Sacramento, Calif.

"Date—7–10–30

"This will be your authority to enter my order for one Hupp Sedan according to the following description and specifications, the total price of which, F. O. B. Sacramento, Cal., is 2217.00 dollars, and on which has been paid a deposit of ...... dollars. Balance of purchase price amounting to $2217.00 dollars I agree to pay to your order on delivery of car at Sacramento.

Knox.     Carry out price of car ordered
                        Into this column

Name and Model C6 Wood wheels
Extra equipment    Sedan                    2167.00
        Dark blue
        1 trunk                                     50.00
                                                   ————
                                                  :2217.00

Cash on Del.

Terms  ............................
Accepted for Bagwill-McShane Co.          ......
                                        Total  ......
By  ...................... Deposit  ......
                                Balance due  ......

"It is distinctly understood that this order is complete in itself and the seller shall not be bound by any agreement or representation not contained herein.

"New cars sold under the guarantee of the manufacturer as published in current catalog. Used cars as is.

"It is understood and made a part of this agreement that title of ownership of car as above described does not pass to me until final cash payment is made.

"It is also understood and agreed that Bagwill-McShane Co's. liability upon this order is for the amount of deposit paid thereon only, and when the deposit is an allowance for a used automobile, Bagwill-McShane Co's. liability then is for the amount of the price received for the used car if sold. Should the used car not be sold, then Bagwill-Mc-

Shane Co's. liability ceases on the return of used car to owner.

"Signed      E. T. SPENCE

"Delivery date September, 1930. .

"Address: Fair Oaks."

Whether this instrument be considered simply as an order or a conditional sales contract, it satisfactorily appears therefrom that the description of the automobile under consideration is specifically set forth, and that payment therefor was to be made in cash, coincident with the delivery of the automobile. The delivery date was fixed as of September, 1930.

We do not need to follow or review the argument of the appellant relative to the open book count contained in the complaint, for the simple reason that if the count for goods, wares and merchandise sold and delivered is sufficient to support the judgment, no reversal can be had.

The record shows that shortly after the execution of the purchase order which we have set forth herein, the plaintiffs received a shipment of automobiles containing one answering the description set forth in the order, and thereupon this automobile was inspected by the defendant and found by him to correspond with the specifications contained in the order of purchase, and was an automobile of the kind that he desired. Upon receiving the automobile just mentioned, an agent of the plaintiff repaired to the residence of the defendant, brought him to the salesroom conducted by the plaintiffs, following which there was some conversation as to terms of payment and finally it was agreed that the defendant should take the automobile and drive to Chico for the purpose of raising money to pay for the automobile. At the same time the defendant signed an application blank for a state license. The defendant took the automobile, drove to his home in Fair Oaks, and two days later drove to Chico for the purpose of attempting to borrow money on real estate owned by him, but did not succeed in raising the money with which to pay for the automobile. Upon returning to Sacramento the plaintiffs were advised of the defendant's failure to raise money in Chico, and an attempt was made to borrow money from a bank in Sacramento. The defendant was informed that

the necessary amount would be advanced upon the security of certain stock owned by him, but not upon the security of any real estate owned by him in Chico. The money, however, was not borrowed. In the meantime, according to the testimony of the plaintiffs, the automobile had been returned by the defendant to the plaintiffs for the purpose of having placed thereon a trunk, which was a part of the equipment originally ordered. After the trunk had been placed upon the automobile it was again delivered to the defendant at his home in Fair Oaks. While the automobile was in Fair Oaks the defendant, in a conversation with one of his neighbors, stated that he had purchased the automobile. After keeping the automobile for a few days, the defendant wrote to the plaintiffs, purporting to cancel his order for the automobile, and advised the plaintiffs that he had stored the same in Fair Oaks, subject to their order. Thereupon, this action was begun.

The testimony of the defendant is to the effect that when he took the automobile from the salesroom conducted by the plaintiffs, for the purpose of driving to Chico and making arrangements to pay the purchase price, nothing was said about returning the automobile in the event that he did not succeed in obtaining the money in Chico. His further testimony also is to the effect that nothing was said about returning the automobile in the event that he did not borrow the amount of the purchase price from a bank in Sacramento. The testimony of the plaintiffs is to the effect that they made delivery of the automobile, which is corroborated to some extent by the testimony of the witness stating that the defendant informed him that he, the defendant, had bought the automobile involved in this action.

Without setting forth the testimony further we may state the record contains sufficient testimony to support the finding of the court as to delivery.

The question still remains as to whether appellant's contention that the action should have been prosecuted only for a breach of the contract, the judgment entered for the difference between the value of the automobile at the time of bringing the action and the selling price thereof, is tenable. The law seems to be pretty well settled that under conditional contracts of sale the seller has two

remedies, either to retake the property, make sale thereof and bring action for any difference between the sale price mentioned in the contract and the amount received from a subsequent sale of the property, or to bring an action for the purchase price of the property agreed to be sold. In the case of *Johnson* v. *Kaeser et al.*, 196 Cal. 686 [239 Pac. 324], the authorities on this subject are fully set forth and considered. In the opinion in that case it is said: "It is settled by an unbroken line of decisions that as to such a contract it is optional with the seller, upon default by the purchaser in complying with any of the vital terms of the agreement, either to treat the contract as involving a conditional sale and retake possession of the property, or ratify the contract as involving an absolute sale of property, and so sue for the recovery of all moneys then payable thereunder. In other words, the seller in such case is vested with the right to exercise an election as between the two remedies suggested. (See *Parke & Lacy Co.* v. *White River L. Co.*, 101 Cal. 37, 40 [35 Pac. 442]; *Elsom* v. *Moore et al.*, 11 Cal. App. 377, 379 [105 Pac. 271]; *George J. Birkel Co.* v. *Nast*, 20 Cal. App. 651, 654 [129 Pac. 945]; *Pacific etc. Co.* v. *Haydes & Son*, 26 Cal. App. 607, 609 [147 Pac. 988]; *Holt Mfg. Co.* v. *Ewing*, 109 Cal. 353, 356 [42 Pac. 435]; *Van Allen* v. *Francis*, 123 Cal. 474, 480 [56 Pac. 339]; *Harter* v. *Delno*, 49 Cal. App. 729, 735 [194 Pac. 300, 303]; *Boas* v. *Knewing*, 175 Cal. 226 [165 Pac. 690, L. R. A. 1917F, 462].) The text-writers lay down the same rule. (See 1 Mechem on Sales, sec. 615; Williston on Sales, sec. 579.)" (See, also, 55 C. J. 1268, and 22 Cal. Jur. 1102, where the same rule of law is set forth, citing numerous authorities.)

█ If the count in the complaint setting forth the amount due as and for the sale of goods, wares and merchandise is defective, we think that such defect is cured by subdivision 4½ of article VI of the Constitution specifying that no reversal can be had on account of error in the pleadings unless there has been a miscarriage of justice. The whole record in this case shows that it was substantially an action for the purchase price of the automobile. █ The fact that the order blank specified September as the date of delivery does not alter the situation and did not preclude the plaintiffs and the defendant from agreeing upon an earlier date of delivery, when an automobile com-

plying with the specifications of the purchase order had been received by the plaintiffs.

The testimony being sufficient to support the finding of the trial court as to sale and delivery of the automobile, it follows that the judgment should be affirmed. It is so ordered.

Thompson (R. L.), J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 30, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 29, 1932.