[Civ. No. 1581. Fourth Appellate District.—January 8, 1936.]

LUSIA LOPEZ, Respondent, v. M. RICHARD, Appellant.

Ezra E. Stern and Michael M. Moser for Appellant.

Ray H. Overacker for Respondent.

BARNARD, P. J.—This action was brought to recover for certain seed used by the defendants as copartners and for certain services performed for the partnership by Leon Lopez, both of these claims having been assigned to the plaintiff. It fully appears that the defendants, as copartners, were carrying on certain farming operations during the year 1932, and it is not disputed that the seed was furnished and the work was done in connection therewith. The defendant Richard maintains, however, that under their agreement his partner was to furnish the seed. He further maintains that Julian Lopez had agreed to contribute his own work to the enterprise, that in lieu thereof he employed his nephew, Leon Lopez, to do the work in his stead and that he, Richard, is in no way obligated for the wages due to Leon Lopez. The defendant Julian Lopez failed to answer and the action was defended by Richard alone. The court found in all respects in favor of the plaintiff and from the judgment entered against both partners the defendant Richard has appealed.

The appellant contends that the court erred in receiving into evidence an account of the partnership transactions kept by the defendant Julian Lopez, that aside from this account there is no evidence worthy of belief which supports the findings to the effect that the seed and services in question were ordered by and furnished to the copartners and that there is, therefore, no evidence to support the findings and judgment. In effect, it is maintained that the court should have believed the appellant's testimony from which it would appear that his partner was alone obligated with respect to the two items in question.

Julian Lopez testified that he kept this account of the partnership transactions with the amounts owed, including the items in question; that he was asked to do this by the appellant; that the appellant knew he was doing this and frequently looked over the book; and that both used the book whenever one of the men was to be paid. While the appellant maintains that this was a private account kept by his partner, Julian Lopez, and while he testified that he himself

kept the real partnership account, which he said had disappeared and which was not produced, the conflict thus raised was for the trial court and, in so far as anything here raised is concerned, the account in question was properly admitted in evidence (*Shepard* v. *Yale,* 94 Cal. App. 104 [270 Pac. 742]).

 In addition to the account which was introduced in evidence, Julian Lopez testified that he bought the seed for the copartnership, used it in their business and agreed that they would pay for it, and that he employed Leon Lopez to render these services for the copartnership and agreed that they would pay him as soon as the money came in from the crop. He further testified as to the quantity of seed furnished, the amount of work done, and the prices agreed to be paid therefor. There was some evidence that the appellant agreed to pay the amount allowed by the court for the seed and that he made one payment on the wages due to Leon Lopez.

The evidence, although conflicting, is sufficient to support the findings and judgment.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.