[Civ. No. 10182. First Appellate District, Division One.—April 30, 1937.]

J. M. SIMS, Respondent, v. DAVID CROWLEY, Appellant.

Joseph E. Isaacs and Alan H. Critcher for Appellant.

Howe & Rumwell for Respondent.

KNIGHT, J.—This is an action to collect two promissory notes, one for $1500 and the other for $2,000, given by the defendant David Crowley to John Rossi, in part payment of the purchase of corporate stock, and subsequently endorsed without recourse to the plaintiff J. M. Sims. Among the defenses pleaded was the violation of the state Corporate Securities Act. Judgment was entered in plaintiff's favor, and defendant appeals.

The transactions leading up to the execution, delivery and endorsement of said notes were as follows: Sims and Rossi owned all of the issued class A stock of the Bayshore Garbage Company, consisting of 150 shares. Sims owned 76 shares thereof, and Rossi 74 shares. The stock was issued and deposited in escrow pursuant to a permit issued by the corporation commissioner, which provided that "the persons entitled to said shares shall not consummate a sale or transfer of said shares, or any interest therein, until the written consent of said Commissioner shall have been obtained so to do". On February 19, 1934, Rossi obtained an option from Sims to purchase 74 shares of his stock and Sims agreed to accept in payment thereof two notes given to Rossi by Crowley. On the same day Rossi entered into a written agreement with Crowley to sell the latter 75 shares of said stock. The agree-

ment recited, among other things, that the stock was then held in escrow under a permit issued by said commissioner; that Crowley desired to purchase fifty per cent thereof, and to pay therefor with his promissory notes. It then provided for the sale to Crowley of 75 shares for $8,000, payable as follows: a 90-day note for $1,000; a 180-day note for $2,500; an eight-months' note for $1,000; an eight-months' note for $1500; and a fourteen-months' note for $2,000, all bearing interest at 6 per cent per annum. The agreement then went on to provide that the first three notes, aggregating the sum of $4,500, should be turned over to, become the assets of, and made available as capital for said corporation; that when said notes were paid class B stock of the par value of $4,500 should be issued to Rossi. It was further provided that upon default in payment of any of said notes, all of them should become immediately due and payable; that the stock Crowley was purchasing should remain in escrow subject to the permit of the corporation commissioner, and should not be delivered or transferred to Crowley until all notes were paid, unless the parties agreed in writing that a portion of the stock be transferred to Crowley while the stock was in escrow; furthermore, that until all notes were paid the stock should remain the property of Rossi, and any amounts previously paid thereon should be considered liquidated damages, in case of default in payment of the balance.

On March 1, 1934, the corporation commissioner gave his consent to the transfer of Sims' 74 shares to Rossi. On May 9th he gave his consent for the release from escrow for cancellation of the 150 shares, and on the same day issued a permit authorizing the sale of 75 shares to Crowley for $8,000; and on June 7th he issued two additional permits authorizing the sale by Rossi to Crowley of respectively 75 shares and one share.

Default was made in the payment of the $1500 note; and thereupon the holder elected to declare the other note immediately due, and after making demand for payment thereof, brought suit on both notes.

Appellant contends as one ground for reversal that the transaction had between the parties involving the sale of the stock to Crowley was violative of the condition imposed by the original permit issued by the corporation commissioner

to the effect that the owners of said stock "shall not consummate a sale or transfer" of the stock until "the written consent of said Commissioner shall have been obtained so to do". Obviously, however, there is no merit in the point because, as will be noted from the undisputed facts hereinabove set forth, the corporation commissioner expressly sanctioned the entire transaction by giving his written consent at different times and issuing his several permits for the consummation of the sale.

Appellant further contends that since the agreement provided that title in the stock should remain in Rossi until the notes were paid, it was optional with appellant whether or not he would complete the purchase, and having concluded not to do so, no recovery may be had on the notes. The contention is without merit. In cases of conditional sales, where title is retained in the vendor until the property is paid for, the failure of the buyer to meet the payment of notes given as part of the purchase price gives the vendor the right to treat the sale as absolute and to sue for the balance of the purchase price as evidenced by the notes. (*Waltz* v. *Silveria*, 25 Cal. App. 717 [145 Pac. 169]; *Johnson* v. *Kaeser*, 196 Cal. 686 [239 Pac. 324]; *Bagwill* v. *Spence*, 127 Cal. App. 263 [15 Pac. (2d) 810].)

The further point is made that Sims was not a holder in due course of the notes sued upon. The facts show, however, that his case was brought clearly within the provisions of section 3133 of the Civil Code defining a holder in due course. But whether he was or was not a holder in due course would seem to be immaterial because so far as the record shows all available defenses that appellant could have urged against Rossi, if he had sued, were urged against Sims and found to be without merit.

It is also contended that the judgment must be reversed for failure of the trial court to make a finding on the issue raised by the special defense that the sale of the stock was made in violation of the Corporate Securities Act. It is well settled, however, that a judgment will not be reversed for failure to find on a material issue where it appears from the evidence, as here, that the finding if made would have been adverse to the appellant. (*Shepard* v. *Yale*, 94 Cal. App. 104 [270 Pac. 742]; *Hulen* v. *Stuart*, 191 Cal. 562,

572 [217 Pac. 750] ; *Krasky* v. *Wollpert,* 134 Cal. 338 [66 Pac. 309].)

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 28, 1937.