[L. A. No. 4067.   Department One.—December 5, 1917.]

## G. B. RICHMOND, Respondent, v. JULIAN CONSOLIDATED MINING COMPANY (a Corporation), Appellant.

APPEAL—ALTERNATIVE METHOD—RECORD—AUTHENTICATION.—On appeal from a judgment, where the record is prepared and certified by the clerk under the alternative method provided by sections 953a, 953b, and 953c of the Code of Civil Procedure, all that may be certified by the clerk, is the judgment-roll with the notice of appeal.

ID.—NONDISMISSAL OF ACTION FOR WANT OF PROSECUTION—PAPERS NOT PART OF RECORD.—Although the transcript made up by the clerk on an appeal under the alternative method contains copies of papers used on a motion to dismiss an action for want of prosecution, such papers, in the absence of certification by the trial judge, are not a part of the record on appeal, and the contention of the appellant, based on such papers, that the action should have been dismissed by the trial court, on its own motion, cannot be considered.

ID.—WANT OF PROSECUTION OF ACTION IN LOWER COURT—EXTENSION BY STIPULATION — PRESUMPTION.—Where the trial of an action took place more than five years after the filing of the answer, and there is nothing in the record to indicate that a stipulation extending time was or was not made, it must be assumed by the supreme court on appeal, in support of the judgment, that the lower court had before it such a stipulation as would justify it in proceeding, since section 583 of the Code of Civil Procedure, while requiring a dismissal for such lack of diligence, expressly excepts cases "where the parties have stipulated in writing that the time may be extended."

APPEAL from a judgment of the Superior Court of Los Angeles County.   Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

Sidney J. Parsons, for Appellant.

W. W. Butler, for Respondent.

SLOSS, J.—The plaintiff recovered judgment against the defendant on two promissory notes made by defendant to plaintiff's assignor.   The defendant appeals from the judgment.

The record on appeal was prepared under the alternative method. (Code Civ. Proc., secs. 953a, 953b, and 953c.) It is certified by the clerk alone.

The appellant's first contention is that the action should have been dismissed, on its motion, for want of diligence in prosecution. The transcript contains copies of certain notices of motion, affidavits, and orders bearing on this matter. But it is settled by our decisions that, where a record is made up under the alternative method, all that may be authenticated by the clerk is the judgment-roll, together with the notice of appeal. In the absence of a certificate of the trial judge, other papers are not a part of the record on appeal, and they cannot be considered. (*Totten* v. *Barlow,* 165 Cal. 378, [132 Pac. 749]; *Bush* v. *Allen,* 172 Cal. 102, [155 Pac. 456].)

From recitals in the findings and the judgment, it appears that the trial took place something more than five years after the filing of defendant's answer. The appellant claims that this lapse of time made it mandatory on the court to dismiss the action on its own motion. The last clause of section 583 of the Code of Civil Procedure, on which this claim is founded, excepts from its operation those cases in which the parties have extended the time by written stipulation. Error must be affirmatively shown; it is not presumed. On the contrary, every presumption is in favor of the regularity of the proceedings of the court below. There being nothing in the record to indicate that a stipulation extending time was, or was not, made, we must assume, in support of the action of the court in entering judgment, that it had before it such a stipulation as would justify it in proceeding.

Apart from this, it is not suggested that any error appears on the face of the judgment-roll.

The judgment is affirmed.

Shaw, J., and Lawlor, J., concurred.