[Civ. No. 3065.   Second Appellate District, Division Two.—August 13, 1919.]

## EDNA I. BARNABEE, Appellant, v. ROBERT H. HUNSTOCK, Respondent.

[1] APPEAL—JUDGMENT-ROLL AS RECORD—AUTHENTICATION BY CLERK.— Where the issue presented on appeal depends upon the judgment-roll alone, the clerk's certificate is sufficient to authenticate the record.

[2] ID.—ORDER SUBSEQUENT TO JUDGMENT — CERTIFICATION BY JUDGE NECESSARY.—Where the order appealed from is subsequent to the judgment and arises on a record outside the judgment-roll, it is not for the clerk, but for the judge who determined the motion, to certify the papers and proceedings on which the order appealed from was made.

[3] ID.—INSUFFICIENT AUTHENTICATION OF RECORD — AFFIRMANCE OF ORDER.—Where the record presented on an appeal from an order denying a motion to vacate a judgment is not properly authenticated, the proper procedure is to affirm the order appealed from.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion to vacate a judgment. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank C. Hoyt for Appellant.

G. C. De Garmo for Respondent.

SLOANE, J.—The plaintiff in this action appealed from an order of the trial court denying her motion to vacate a judgment against her. The matter is presented at this time on respondent's motion to affirm the order appealed from, on the ground that the record on appeal contains no bill of exceptions, nor reporter's transcript certified by the judge who tried the cause and made the order, as is provided by section 953a of the Code of Civil Procedure.

The record on appeal presented here consists of a clerk's transcript containing the judgment-roll, together with certain papers and records purporting to have been used in the proceedings subsequent to judgment on the motion to vacate. These additional records consist of plaintiff's notice of motion, minutes of the court reciting that "plaintiff's motion to vacate the judgment heretofore entered herein having been heretofore argued and submitted is now denied," and notice to clerk to prepare a transcript, which requests that, in addition to the judgment-roll, there be inserted therein "a copy of plaintiff's notice of intention to move for vacation of judgment therein, and the proceedings and order, of court denying said motion." This transcript is certified by the clerk, but not by the judge.

The grounds of the motion to vacate, as set out by notice of motion to vacate, are specifications of the insufficiency of the findings of fact made on the trial to support the conclusions of law and judgment.

The point in controversy is the sufficiency of this transcript. [1] It is conceded that if the issue presented on the appeal depended upon the judgment-roll alone, the clerk's certificate would be sufficient to authenticate the record. But respondent urges that there is no authority of law, under the procedure prescribed by section 953a of the

Code of Civil Procedure, to add any portion of the record of proceedings outside the judgment-roll without the approval and certification of the judge before whom the proceedings were had. Such seems to be the plain interpretation of this section. After providing for the stenographic reporter's transcript of the trial, which is required to be authenticated by the judge, the section cited goes on to say: "If the judgment, order or decree appealed from be not included in the judgment-roll, the party desiring to appeal shall on the filing of said notice specify therein such of the pleadings, papers, records and files in said cause as he desires to have incorporated *in said transcript* in addition to the matters hereinbefore required and the same shall be included." This language clearly refers to the transcript to be presented to and approved and certified by the judge. It is inconsistent with the limitation appellant seeks to place upon it, namely, that "the only transcript which the judge is required or authorized to certify is that containing the testimony and other proceedings which are had in the trials of issues of fact." The language quoted, and the decision from which it is taken—and on which appellant relies— arose on the record of an appeal taken upon the judgment-roll alone. (*Jaques* v. *Board of Supervisors,* 22 Cal. App. 627, [135 Pac. 686].) [2] Where the order appealed from is subsequent to the judgment, and arises on a record outside the judgment-roll, it is not for the clerk, but for the judge who determined the motion, to certify the papers and proceedings on which the order appealed from was made. (*Thompson* v. *American Fruit Co.,* 21 Cal. App. 338; [131 Pac. 878] ; *Credit Clearance Bureau* v. *Weary & Alford Co.,* 18 Cal. App. 467, [123 Pac. 548] ; *Totten* v. *Barlow,* 165 Cal. 378, [132 Pac. 749] ; *Richmond* v. *Julian Con. Min. Co.,* 176 Cal. 600, [169 Pac. 356].)

[3] That an order affirming the order appealed from is the proper procedure on this motion is held on authority of *Hibernia Sav. & Loan Soc.* v. *Doran,* 161 Cal. 118, [118 Pac. 526], and *Knox* v. *Schrag,* 18 Cal. App. 220, [122 Pac. 969].

The order appealed from is affirmed.

Finlayson, P. J., and Thomas, J., concurred.