[Civ. No. 3896. Second Appellate District, Division One.—April 3, 1922.]

## MARY E. REED et al., Respondents, v. STEPHEN A. D. CLARK et al., Appellants.

[1] APPEAL—RECORDS—INSUFFICIENT CERTIFICATION.—An order denying a motion made after final judgment to vacate defendants' default must be affirmed on appeal, where the transcript is certified by the clerk, but there is no certificate by the trial judge.

[2] ID.—ORDER SUBSEQUENT TO JUDGMENT—CERTIFICATION OF RECORD. Where an order appealed from is subsequent to the judgment, and arises on a record outside the judgment-roll, it is not for the clerk, but for the judge who determined the action, to certify the papers and proceedings on which the order appealed from was made; and in the absence of such a record on which the merits of the appeal can be determined, the order should be affirmed.

[3] ID.—LACK OF PROPER RECORD—AFFIRMANCE OF ORDER.—Where a mere inspection of the record discloses that appellant can obtain no relief, the proper order is one of affirmance of the order upon appeal for lack of record showing error.

APPEAL from an order of the Superior Court of Los Angeles County denying defendants' motion to vacate their default. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. Franklin Baxter for Appellants.

James P. Clark for Respondents.

CONREY, P. J.—The defendants have appealed from an order made by the superior court on the sixteenth day of May, 1921, which was an order made after entry of judgment in the action. By said order the court denied a motion of the defendants to vacate the default entered against them, and to set aside an order striking out their fourth amended answer, and that they be permitted to file a fifth amended answer.

[1] Respondents now move that the order appealed from be affirmed for the reason that appellants have not filed any transcript containing any judgment-roll or bill of exceptions upon which said appeal might be considered. There is a typewritten transcript which contains the judgment-roll and some additional documents in the form of notices and affidavits. The contents of the transcript have been certified by the clerk, but there is no certificate by the judge of the superior court. The situation is closely parallel to that shown in *Barnabee* v. *Hunstock,* 42 Cal. App. 659 [183 Pac. 951]. [2] Pursuant to authorities there cited, it was held that where the order appealed from is subsequent to the judgment, and arises on a record outside the judgment-roll, it is not for the clerk, but for the judge who determined the motion, to certify the papers and proceedings on which the order appealed from was made; and that in the absence of a record on which the merits of the appeal could be determined, the order should be affirmed. [3] Where a mere inspection of the record discloses that appellant can obtain no relief, "the proper order would be one of affirmance of the order upon appeal for lack of record showing error." (*Hibernia Sav. & Loan Soc.* v. *Doran,* 161 Cal. 118 [118 Pac. 526].)

The order is affirmed.

Shaw, J., and James, J., concurred.