[L. A. No. 8073. In Bank.—September 20, 1924.]

CHESTER A. BELL, Respondent, v. J. W. BRIGANCE, Appellant.

[1] APPEAL—REPORTER'S TRANSCRIPT—CERTIFICATION BY JUDGE.—Upon the certification by the trial judge of the truth and correctness of a reporter's transcript being made, the transcript becomes a part of the record on appeal; and in no other way can it become such.

[2] ID.—MOTION TO AFFIRM JUDGMENT—WHAT CERTIFICATE REQUIRED BY SECTION 953A, CODE OF CIVIL PROCEDURE—EFFECT OF REPORTER'S CERTIFICATE.—The certificate of the trial judge is the only certificate required or provided for by section 953a of the Code of Civil Procedure, and is the only authentication of the reporter's transcript to which the appellate court will look on a motion to affirm the judgment made on the ground that there is an insufficient record on appeal, the reporter's certificate adding nothing to the authenticity of the transcript.

[3] ID.—ALLEGED INSUFFICIENT RECORD—CERTIFICATE OF TRIAL JUDGE. A trial judge having certified that the transcript contains all the testimony offered or taken, evidence offered or received upon the trial of the case, and that upon the certificate of the reporter, and the failure of the attorneys for the parties to the action, upon due and timely notice, to offer any objections or amendments thereto, the transcript is correct and true, and the respondent having failed to appear at the time noticed for certifying the transcript and offer any objection to its certification and not having pointed out a single particular in which it fails to contain the matters required by the code, and no affidavits having been presented on his motion to affirm the judgment in su..port of his claim that a complete record has not been transmitted to the appellate court, respondent's contention that an insufficient record exists must, therefore, give way in the face of the certificate of the judge attached to the transcript.

[4] ID.—AFFIDAVIT OF REPORTER—EFFECT OF.—An affidavit of the reporter appended to the transcript in question, but which is not authenticated by the trial judge, and which does not appear to have been used in any proceeding in the trial court, does not help respondent on his motion to affirm the judgment, the absence of a proper authentication thereof precluding its consideration in passing upon said motion; nor is respondent, if said affidavit were to be considered, helped thereby, especially where there is nothing in its recitals tending to contradict the certificate of the judge,

2. See 2 Cal. Jur. 618, 631.

that the transcript contains all the testimony offered or taken, and evidence offered or received upon the trial of the action, and upon the motion for a new trial.

[5] ID. — ABSENCE OF REQUEST TO REPORT CASE — INSIGNIFICANT CIRCUMSTANCE.—The official reporter of the trial court having reported the case, and the judge having certified that his transcript contains all the testimony offered or received upon the trial of the case, the circumstance that said reporter was not requested by either party to officially report the case is insignificant.

[6] ID.—PREPARATION OF TYPEWRITTEN RECORD—INFORMALITIES CURED BY CERTIFICATE.—Mere informalities in the preparation of the typewritten record for use on appeal are cured by the due certification by the judge of the transcript which has been prepared.

[7] ID.—CERTIFICATE BY JUDGE WHO DID NOT TRY CASE—EVIDENCE—PRESUMPTION—SUFFICIENCY OF CERTIFICATE.—Where on such motion to affirm the judgment it appears that the transcript in question is certified and approved by a judge who did not try the case, and it does not appear by affidavit or otherwise but that some of the circumstances which would prevent the judge who tried the case from certifying to the record may in fact exist, subdivision 16 of section 1963 of the Code of Civil Procedure, declaring that there is a disputable presumption "that a court or judge, acting as such, . . . was acting in the lawful exercise of his jurisdiction," is sufficient to support the certificate of the judge who did not try the case.

[8] ID.—NOTICES TO PREPARE TRANSCRIPT—CONSTRUCTION OF.—Where a notice, required by section 953a of the Code of Civil Procedure, to the clerk to prepare a transcript is filed before the termination of a pending proceeding on motion for a new trial, and another notice requesting a transcript is filed twenty-seven days after the denial by operation of law of the motion for a new trial, the first notice is a sufficient compliance with the statute, and the later notice may be disregarded.

[9] ID.—NOTICE TO PREPARE TRANSCRIPT—TIME.—Section 953a of the Code of Civil Procedure permits the filing of the notice to prepare the transcript at any time after notice of the entry of judgment and before the expiration of ten days "after notice of decision" on motion for a new trial.

---

(1) 4 C. J., pp. 441, 445, secs. 2154, 2161.   (2) 4 C. J., p. 445, sec. 2161.   (3) 4 C. J., p. 1127, sec. 3116.   (4) 4 C. J., p. 1128, sec. 3120 (1926 Anno.).   (5) 4 C. J., p. 420, sec. 2120 (1926 Anno.).   (6) 4 C. J., p. 489, sec. 2232 (1926 Anno.).   (7) 4 C. J., p. 796, sec. 2751 (1926 Anno.).   (8) 4 C. J., p. 420, sec. 2120 (1926 Anno.).   (9) 4 C. J., p. 420, sec. 2120 (1926 Anno.).

9. See 2 Cal. Jur. 625.

MOTION to affirm a judgment of the Superior Court of Los Angeles County. C. P. Vicini, Judge Presiding. Motion denied.

The facts are stated in the opinion of the court.

William Lewis and Guy Lewis for Appellant.

Emmet H. Wilson for Respondent.

WASTE, J.—The plaintiff brought an action in the ordinary form to quiet title to certain real property. The defendant answered, claiming title in himself. A decree was entered in favor of the plaintiff. Thereupon the defendant made a motion for a new trial, which was denied by operation of law, the motion not having been determined within two months after service of notice of the entry of judgment. (Code Civ. Proc., sec. 660.) An appeal to this court was then taken by the defendant, and the matter now comes before us on motion of the plaintiff and respondent to affirm the judgment of the trial court on the ground that there is an insufficient record on appeal. The motion is made on the record on appeal on file and the notice of motion.

The appeal is taken on the alternative method. The record consists of a proper clerk's transcript, and what purports to be a "reporter's transcript on appeal." From this "reporter's transcript" it appears that when the case was called for trial the official reporter of the court was present. The attorneys for both plaintiff and defendant announced that they did not wish the case reported. After some further proceedings, which were not reported, the attorney for the plaintiff offered a document in evidence and counsel for the defendant objected. Thereupon the reporter took in shorthand the further proceedings, including the objection to the document offered. His certificate is that the transcript contains a full, true, and correct statement of the testimony and proceedings "from said point aforesaid."

In moving for an affirmation of the judgment the respondent assumes the position that the record here cannot be considered by the court for the reason that it is not presented as a bill of exceptions, and is not prepared and

authenticated in the manner required by sections 953a, 953b, and 953c of the Code of Civil Procedure. His first contention is that a full and complete record has not been transmitted to the court. Section 953a provides that the stenographic reporter, on receiving the proper direction from the court, shall transcribe fully and completely the phonographic report of the trial, which is thereupon filed with the clerk. It is then the duty of the clerk, on due notice to the attorneys appearing in the cause, to present the transcript to the judge for approval. At the time specified in the notice of the clerk, the judge shall examine the transcript, and if he finds it a full, true, and fair transcript of the matter required by the statute to be included, he shall certify to its truth and correctness. [1] Upon such certification being made, the transcript becomes a part of the record on appeal. In no other way can it become such. (*Totten* v. *Barlow,* 165 Cal. 378, 380 [132 Pac. 749]; *Richmond* v. *Julian Cons. Min. Co.,* 176 Cal. 600 [169 Pac. 356].) In this case the certificate of the judge is that the transcript contains all the testimony offered or taken, evidence offered or received upon the trial of the case, and that upon the certificate of the reporter, and the failure of the attorneys for the parties to the action, upon due and timely notice, to offer any objections or amendments thereto, he certifies the transcript to be correct and true. [2] The certificate of the judge is the only certificate required or provided for by section 953a, *supra,* and is the only authentication of the transcript to which this court will look. The reporter's certificate may have been of assistance to the judge below, being *prima facie* evidence of the testimony and proceedings (Code Civ. Proc., sec. 273), but it adds nothing to the authenticity of the transcript in question. (*Williams* v. *Lane,* 158 Cal. 39, 40 [109 Pac. 873].)

The clerk's minutes show that only documentary evidence was received in the trial below. The respondent failed to appear at the time noticed for certifying the transcript and offer any objection to its certification. He has not pointed out a single particular in which it fails to contain the matters required by the sections of the code. (Code Civ. Proc., secs. 269 and 953b.) No affidavits are presented here in support of his claim that a complete record has not been transmitted to this court. [3] His contention must,

therefore, give way in the face of the certificate of the judge attached to the transcript.   [4]   An affidavit of the reporter appended to the transcript, but which is not authenticated by the judge below, and which does not appear to have been used in any proceeding in the trial court, does not help him. The absence of a proper authentication precludes its consideration here.   (*Waymire* v. *California Trona Co.,* 176 Cal. 395, 398 [168 Pac. 563].)   Furthermore, if we were in position to consider the affidavit of the reporter, there is nothing in its recitals tending to contradict the certificate of the judge, that the transcript contains all the testimony offered or taken, and evidence offered or received upon the trial of the action, and upon the motion for a new trial made in  the court below.   Respondent has offered no objection to the clerk's transcript.   We must conclude, therefore, that for the purposes of this motion the full and complete record required by law has been transmitted to this court.

It is next contended that the reporter's transcript here should not be considered for the reason that the reporter was not requested by anyone to take down testimony, and was, therefore, not acting as an official reporter as defined by section 269 of the Code of Civil Procedure.   Mr. Peterson was the official reporter, and was in attendance on the court.   So much is conceded by the respondent, and the judge of the lower court has certified to the fact.   [5]   We attach no significance to the circumstance that he was not requested by either party to officially report the case.   He did report it, and the judge has certified that his transcript contains all the testimony offered or received upon the trial of the case.   The record discloses that the defendant, desiring to appeal from the judgment, requested that a transcript be made up, and the court below required Mr. Peterson, as the stenographic reporter of the court, to prepare it. [6]   Mere informalities in the preparation of the typewritten record for use on appeal are cured by the due certification by the judge of the transcript which has been prepared.   (*White* v. *Hendley,* 35 Cal. App. 267, 270 [169 Pac. 710; *In re Guardianship of Barney,* 191 Cal. 18 [214 Pac. 853].)

It is next urged that the reporter's transcript cannot be considered for the reason that it is not certified by the

judge who tried the case. The action was heard before Judge Vicini, and the transcript is certified and approved by Judge York. No reason is stated or shown for this action, and the respondent contends there is no authority therefor. Section 953a, *supra*, does not require that the reporter's transcript, after being filed with the clerk, shall be presented to the trial judge or judge who tried the case, or that the "trial judge" or the "judge who tried the case" shall certify to the truth and correctness of the transcript. But we may assume, for reasons at once apparent without stating them, that such was the intention of the legislature. Rule XXVII of this court provides that when the judge before whom an action was tried is dead, or has been removed from office, or resigns, any uncertified record, under section 953a et seq. of the Code of Civil Procedure, may be settled and certified by his successor in office, or if he be disqualified, by a judge of the same or an adjoining county. When the judge before whom an action was tried becomes disqualified or is absent from the state, the rule further provides that such record may be settled and certified in like manner. There is no claim here, argues the respondent, that Judge Vicini, who tried the case, is dead, has been removed from office, has resigned, has become disqualified, or was or is absent from the state. The case is, therefore, he contends, not one that comes within the exceptions provided by the court rule. From this premise he argues that the certificate of any other judge is a nullity, and the record so certified must be wholly disregarded. [7] In answer, it may be said that it does not appear here, by affidavit or otherwise, but that some of the circumstances which would prevent Judge Vicini from certifying to the record may in fact exist. Under section 1963, subdivision 16, of the Code of Civil Procedure, there is a disputable presumption "that a court or judge, acting as such, . . . was acting in the lawful exercise of his jurisdiction." In a case so like the one here as to be analogous, it was held that the presumption of law just noted was sufficient to support the certificate of a judge, who did not try the case, in settling a statement on appeal, since there was a possibility that, for a sufficient reason not made to appear, the judge who did try the case did not act. (*Lincoln* v. *Sibeck*, 27 Cal. App. 61, 63 [148 Pac. 967].)

Respondent's last objection to the consideration of the record on appeal is embodied in his contention that the notice to the clerk to prepare a transcript was filed too late. The notice to the clerk to prepare the transcript must be filed within ten days after notice of entry of judgment, order, or decree, or, if a proceeding on motion for a new trial be pending, within ten days after notice of decision denying said motion, or of other termination thereof. (Sec. 953a, *supra.*) In this case, notice of entry of judgment was served and filed on the sixth day of October, 1923. The defendant thereupon gave notice of intention to move for a new trial, and, no ruling having been made thereon within two months after service of the notice of entry of judgment, the effect was a denial, on December 6th, of the motion without further order of the court. (Code Civ. Proc., sec. 660.) On November 9th the defendant filed notice to the clerk to prepare a transcript. On January 2, 1924, twenty-seven days after the denial by operation of law of the motion for a new trial, appellant filed another notice requesting a transcript. **[8]** The notice filed on November 9th was a sufficient compliance with the statute, and the notice filed on January 2, 1924, may be disregarded. **[9]** This court has held that the proper interpretation of section 953a permits the filing of the notice to prepare transcript at any time after notice of the entry of judgment and before the expiration of ten days "after notice of decision" on motion for a new trial. The notice filed on November 9th was given during that period, and was sufficient. (*Hadacheck* v. *Superior Court,* 193 Cal. 183 [223 Pac. 71].)

The motion to affirm the judgment is denied.

Richards, J., Lawlor, J., Lennon, J., Seawell, J., Shenk, J., and Myers, C. J., concurred.