[Sac. No. 3696.  In Bank—March 3, 1925.]

HENRY ALAN MARTIN, a Minor, etc., Respondent, v. PACIFIC GAS AND ELECTRIC COMPANY (a Cor- poration), Appellant.

[1] APPEAL—RECORD—SECTION 953a ET SEQ., CODE OF CIVIL PRO- CEDURE.—Upon an appeal prepared under the provisions of 953a et seq. of the Code of Civil Procedure, the instructions offered at the trial and refused by the judge, the clerk's record of the order denying a motion for new trial and the specification of grounds of the motion, in order to be avail- able to appellant for use upon the appeal, should have been included in the reporter's transcript, settled by the judge of the trial court.

[2] ID. — AUTHENTICATION OF RECORD BY CLERK. — The only por- tions of the record which the clerk is competent to authenti- cate for the purpose of a record on appeal are the judgment- roll and the notice of appeal.

---

1.  See 2 Cal. Jur. 699, 700.
2.  See 2 Cal. Jur. 607.

**[3]** ID.—CERTIFICATION BY JUDGE.—The only means by which such papers may properly be made a part of the reporter's transcript is by the action of the trial judge including them therein and certifying to their correctness.

**[4]** ID.—OMISSION OF PAPERS FROM RECORD—MISTAKE—REMEDY.—If papers are omitted from the reporter's transcript, as settled by the trial judge, through mistake, inadvertence, or excusable neglect, application for relief therefrom should be made in the first instance to the trial court, and in the absence of action thereon by the trial court, or the trial judge, the insertion of such papers in the transcript would add nothing to the authentic record upon appeal.

(1) 4 C. J., p. 209, n. 21.    (2) 4 C J., p. 446, n. 73.    (3) 4 C. J., p. 445, n. 65.    (4) 4 C. J., p. 508, n. 27.

MOTION for diminution of record.    Denied.

The facts are stated in the opinion of the court.

Carr & Kennedy and Thos. J. Straub for Appellant.

Carter & Smith for Respondent.

THE COURT.—This matter comes up on a suggestion by appellant of diminution of the record and motion to insert in the transcript now on file in this court the instructions offered by the party at the trial below and refused by the judge and also the clerk's record of the order denying motion for new trial and the specification of grounds of the motion. This motion, is accompanied by copies of papers on file in the trial court and certified by the clerk to be correct, purporting to be instructions refused, notice of motion for new trial and order denying motion for new trial, respectively. The record upon this appeal was prepared under the provisions of section 953a et seq. of the Code of Civil Procedure. **[1]** The papers specified in the motion, in order to be available to appellant for use upon this appeal, should have been included in reporter's transcript, settled by the judge of the trial court. Section 953a provides for the inclusion in the reporter's transcript of "all rulings, instructions, acts or statements of the court,

4.    See 2 Cal. Jur. 679.

also all objections or exceptions of counsel, and all matters to which the same relate, . . . '' The instructions are thus expressly provided for, and since the amendment of the code to provide for a review of an order denying a new trial upon appeal from the judgment, the order upon the motion therefor is in effect a ruling of the court, and the notice of intention to move for a new trial is in the nature of a supporting paper and is a matter to which the ruling relates. [2] The only portions of the record which the clerk is competent to authenticate for the purpose of a record on appeal are the judgment-roll and the notice of appeal. Therefore, if the papers here involved should be inserted in the clerk's transcript they could not be considered as a part of the record upon appeal (*Richmond* v. *Julian Consolidated Min. Co.*, 176 Cal. 600 [169 Pac. 356]; *Barnabee* v. *Hunstock*, 42 Cal. App. 659 [183 Pac. 951]). [3] The only means by which these papers may properly be made a part of the reporter's transcript is by the action of the trial judge including them therein and certifying to their correctness (*Bell* v. *Brigance*, 194 Cal. 445 [229 Pac. 27]). [4] If these papers were omitted from the reporter's transcript as settled by the trial judge through mistake, inadvertence, or excusable neglect, application for relief therefrom should be made in the first instance to the trial court. In the absence of action thereon by the trial court, or the trial judge, the insertion of these papers in the transcript would add nothing to the authentic record upon appeal. The motion is denied.