[L. A. No. 8069. In Bank.—October 1, 1925.]

C. D. JEFFORDS et al., a Copartnership, etc., Appellants, v. THOMAS I. YOUNG et al., Respondents.

[1] QUIETING TITLE—DISCLAIMER—DISMISSAL.—Where defendants in an action to quiet title answered and disclaimed any interest or estate in the property, there was no error in dismissing them from the action.

[2] APPEAL—CLERK'S TRANSCRIPT—RECORD.—The clerk's transcript is incompetent to authenticate for the purpose of a review upon appeal any portion of the record other than the judgment-roll and notice of appeal. If any matters other than such as appear upon the face of the judgment-roll are sought to be reviewed upon appeal, the record thereof must be presented either by a bill of exceptions or by a reporter's transcript.

[3] ID.—APPEAL FROM ORDER AFTER JUDGMENT PREDICATED ON AFFIDAVITS — BILL OF EXCEPTIONS — REPORTER'S TRANSCRIPT. — In the case of an appeal from an order after judgment predicated upon affidavits, the supporting papers to be entitled to consideration upon appeal must either (1) be incorporated in a bill of exceptions settled, certified, and signed by the trial judge, certifying that such papers were used at the hearing upon the motion, or (2) they must be incorporated in a reporter's transcript settled and certified in like manner by the trial judge.

1. See 22 Cal. Jur. 180.
2. See 2 Cal. Jur. 633.

[4] ID. — PAPERS CONSIDERED ON MOTION — CLERK'S TRANSCRIPT. — A clerk's transcript does not indicate, and the clerk is not competent to certify for purposes of review upon appeal, what papers were presented to and considered by the trial judge in support of or in opposition to a given motion.

[5] ID. — ORDER DENYING MOTION TO SET ASIDE JUDGMENT AND FOR NEW TRIAL—RECORD.—An order denying a motion to set aside a judgment and for a new trial will be affirmed on an appeal taken under the provisions of section 953a et seq. of the Code of Civil Procedure, where no grounds of the motion were stated in the notice thereof, which recited that the motion would be made "upon the grounds set out in the affidavits hereto attached," and the clerk's transcript indicates affirmatively that no affidavits were on file which could have been used in support of said motion.

[6] ID.—NEW TRIAL—TIME.—On an appeal from a judgment and from an order denying a motion to set aside the judgment and for a new trial, the appellate court is without jurisdiction to review an order (made after the filing of the notice of appeal) denying a subsequent motion to set aside said judgment and for a new trial, where no appeal is taken from said subsequent order, and said subsequent motion cannot be regarded as a motion for new trial under section 656 et seq. of the Code of Civil Procedure, because appellants had lost their right to proceed under those sections by lapse of time.

[7] ID. — RELIANCE UPON TYPEWRITTEN TRANSCRIPT — PRINTING PORTIONS OF RECORD RELIED UPON—CONSEQUENCE OF FAILURE TO DO SO.—It is incumbent upon an appellant who relies upon a typewritten transcript to print in his brief or in a printed supplement thereto sufficient of the record to justify a reversal of the judgment or order appealed from; and an appellant who fails to do this incurs thereby the risk that the order or judgment appealed from may be affirmed upon motion.

---

(1) 32 Cyc., p. 1378, n. 80.   (2) 4 C. J., p. 207, n. 2, p. 209, n. 19, p. 441, n. 34.   (3) 4 C. J., p. 145, n. 27, 29.   (4) 4 C. J., p. 427, n. 92.   (5) 4 C. J., p. 512, n. 91; 29 Cyc., p. 938, n. 46.   (6) 29 Cyc., p. 929, n. 62.   (7) 3 C. J., p. 1409, n. 26.

APPEAL from a judgment of the Superior Court of Imperial County and from an order denying a motion to set aside said judgment and for a new trial. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

4.   See 2 Cal. Jur. 637.

John A. Berry for Appellants.

Ault & Anderson for Respondents.

MYERS, C. J.—Plaintiffs appeal herein from a judgment in favor of defendants and from an order made subsequent to judgment, denying plaintiffs' motion for an order setting aside the judgment and for a new trial. The action is a suit to quiet title. The complaint is in the conventional form of a complaint to quiet title under section 738 of the Code of Civil Procedure. It alleges the ownership and possession of plaintiffs of the premises described in the complaint; that the defendants claim an estate or interest therein; that the claims of the defendants are without right, and prays that the defendants be required to set forth the nature of. their respective claims; that it be decreed that the plaintiffs are the owners of the property; that their title be quieted and that defendants be enjoined from asserting any title thereto. The defendants Young answered, disclaiming any interest or estate in the property and were dismissed from the action. [1] There was no error in this. (Code Civ. Proc., sec. 739.) The defendant Lorenz answered, denying the allegations of plaintiffs' ownership of the premises and affirmatively alleging ownership in himself and praying for a decree adjudging his title therein. The cause came on for trial October 25, 1923, pursuant to due notice of the time and place of trial. Counsel who then represented plaintiffs appeared without his clients and moved to dismiss the action, which motion was denied. Thereupon the trial proceeded. Counsel for plaintiffs neither produced nor offered any evidence tending to support the allegations of the complaint. Counsel for defendant Lorenz produced oral and documentary evidence tending to establish title in him. Findings of fact and conclusions of law in regular form and responsive to all of the issues framed by the pleadings, together with judgment adjudging title to the premises in the defendant Lorenz, were signed and filed. At the oral argument upon the hearing before this court counsel for appellants expressly conceded that the appeal from the judgment herein is without legal merit, for the reason that there was no evidence upon which the court could have given judgment for the plaintiffs.

The record upon this appeal was prepared pursuant to the provisions of section 953a et seq. of the Code of Civil Procedure, and consists of typewritten clerk's and reporter's transcripts. It appears from the clerk's transcript herein that on the fourteenth day of December, 1923, plaintiffs moved the court for an order setting aside the judgment and for a new trial, which motion was denied. The notice of motion signed by counsel for plaintiffs and directed to counsel for defendants was as follows:

"Gentlemen: Take notice, that upon the affidavits of Hedley Richmond and Dr. L. C. House, copies of which are herewith served upon you, and upon the pleadings and proceedings on file in said action, the undersigned will, on the 14th day of December, 1923, at 10:00 o'clock A. M. of that day at the Court House in the City of El Centro, California, move the Court for an order setting aside the judgment in this action and for a new trial herein upon the grounds set out in the affidavits hereto attached."

It will be noted that no grounds of the motion were stated in the notice, which recited that the motion would be made "upon the grounds set out in the affidavits hereto attached." It does not appear that such or any affidavits were attached. In fact it does not appear that such or any affidavits were presented or filed in connection with this motion. In so far as we are able to ascertain from the clerk's transcript, it indicates affirmatively that no such affidavits were presented or filed in support of this motion or at any time, except in connection with and in support of a subsequent motion which was presented on January 10, 1924. [2] This court has repeatedly held that the clerk's transcript is incompetent to authenticate for the purpose of a review upon appeal any portion of the record other than the judgment-roll and notice of appeal. (2 Cal. Jur., p. 633.) If any matters other than such as appear upon the face of the judgment-roll are sought to be reviewed upon appeal, the record thereof must be presented either by a bill of exceptions or by a reporter's transcript. (*Bell* v. *Brigance,* 194 Cal. 445 [229 Pac. 27]; *Martin* v. *Pacific G. & E. Co.,* 195 Cal. 544 [234 Pac. 321].) [3] In the case of an appeal from an order after judgment predicated upon affidavits, the supporting papers to be entitled to consideration upon appeal must either (1) be incorporated in a bill of exceptions settled, certified, and

signed by the trial judge, certifying that such papers were used at the hearing upon such motion, or (2) they must be incorporated in a reporter's transcript settled and certified in like manner by the trial judge. The clerk's transcript indicates merely that certain papers were filed in his office and the date of their filing. [4] It does not indicate, and the clerk is not competent to certify for purposes of review upon appeal, what papers were presented to and considered by the trial judge in support of or in opposition to a given motion. [5] However, in the present case, as noted above, the clerk's transcript does indicate affirmatively that no affidavits were on file which could have been used in support of the motion at the hearing on December 14, 1923. The order denying that motion must, therefore, be affirmed.

[6] Thereafter, and on January 10, 1924, plaintiffs by leave of court renewed their motion to set aside the judgment and grant a new trial. Upon this occasion they specified in their notice six grounds upon which the motion would be made and supported the same by affidavits served and filed therewith. Upon the showing there made the learned trial judge might well have granted the relief prayed for under section 473 of the Code of Civil Procedure, upon the ground of excusable neglect. However this may be, he did not do so, but denied the motion. No appeal was taken from this order and we are, therefore, without jurisdiction to review it. The only notice of appeal which appears in the record was filed January 7, 1924, and is directed solely at the judgment and the order of December 14, 1923.

We have assumed that the motion of December 14, 1923, was not a motion for new trial under section 656 et seq. of the Code of Civil Procedure, but was a motion for relief under section 473 of the Code of Civil Procedure, and that the order denying it was, therefore, appealable as a special order after final judgment. If it be assumed to have been intended as an ordinary motion for a new trial, the order denying it would be reviewable upon the appeal from the judgment. So regarded, it must be held to have been properly denied for the reason that no grounds were designated in the notice of motion (Code Civ. Proc., secs. 657, 659), and for the further reason that no showing was made in support thereof. The motion of January 10, 1924, cannot be regarded as a motion for new trial under section 656 et seq.

of the Code of Civil Procedure, because appellants had then lost their right to proceed under those sections by lapse of time.

No contention has been made in behalf of appellants herein, either in their brief or at the oral argument, that the court erred in denying their motion to dismiss the action. That question, therefore, is not before us.

Perhaps it should be further pointed out for the information of members of the bar that respondent herein would have been entitled to an order affirming the judgment and order appealed from, upon motion, if he had made such motion in this court. This for the reason that appellants have wholly failed to print any portion of the record in their brief or in a supplement thereto. Not a word of the pleadings, findings, judgment, order, or testimony is to be found in appellants' brief, as is expressly required by section 953c of the Code of Civil Procedure. [7] It has been reiterated approximately one hundred times in the decisions of this court and of the district courts of appeal that it is incumbent upon an appellant who relies upon a typewritten transcript to print in his brief or in a printed supplement thereto sufficient of the record to justify a reversal of the judgment or order appealed from. (2 Cal. Jur. 643 et seq.) Furthermore, as we pointed out some months ago (*Estate of Berry*, 195 Cal. 354 [233 Pac. 330]), since the 1923 amendment to the section last cited, an appellant who fails to do this incurs thereby the risk that the order or judgment appealed from may be affirmed upon motion. In the present case, however, respondent made no such motion. On the contrary, he printed as a supplement to his own brief substantially the entire record upon this appeal. For this reason and for the further reason that appellants seem (from the statements in their brief) to have been the victims of a most unusual combination of unfortunate accidents, we have given consideration to the merits of their appeal.

Upon the record before us we are impelled to the conclusion that the judgment and order appealed from must be affirmed, and it is so ordered.

Lawlor, J., Seawell, J., Waste, J., Lennon, J., and Richards, J., concurred.

Mr. Justice Shenk, being disqualified, did not participate in the decision.