[Civ. No. 3301.   Third Appellate District.—October 25, 1927.]

VIRGEL L. GORDON et al., Respondents, v. TOM BEA-
SORE et al., Appellants.

Peckinpah & Carter and William H. Metson for Appel-
lants.

Barcroft & Barcroft and John J. Coghlan for Respond-
ents.

BURROUGHS, J., *pro tem.*—The defendants Beasore and
Jones have appealed from three orders of the superior court
of Madera County and they are all presented upon the
same record.   One of said orders granted the plaintiffs an

injunction *pendente lite* and the other two are orders refusing to vacate and set aside the above order for injunction.

The plaintiffs have made a motion in this court to dismiss all of the appeals because the record is not certified by the judge as required by section 953a of the Code of Civil Procedure, the appeals having been taken under the so-called alternative method. The transcript on appeal contains a copy of what purports to be the pleadings, the orders appealed from, the minutes of the court on the hearing of the application for said orders, and certain other documents, together with the notice of appeal from the orders. These are all certified by the clerk of the court as constituting the transcript on appeal and being true and correct. There is also included in the record the reporter's transcript of the testimony taken on the original hearing of the application for the said injunction. Attached to this reporter's transcript is the certificate of the judge as required by section 953a, *supra*. Section 953a provides that, "Any person desiring to appeal from any judgment, order or decree of the Superior Court to the Supreme Court or any of the District Courts of Appeal, may, in lieu of preparing and settling a bill of exceptions pursuant to the provisions of section 650 of this code, or for the purpose of presenting a record on appeal from any appealable judgment or order, or for the purpose of having reviewed any matter or order reviewable on appeal from final judgment, file with the clerk of the court from whose judgment, order or decree said appeal is taken, or to be taken, a notice stating that he desires or intends to appeal, or has appealed therefrom, and requesting that a transcript of the testimony offered or taken, evidence offered or received, and all rulings, instructions, acts or statements of the court, also all objections or exceptions of counsel, and all matters to which the same relate, be made up and prepared."

It is further provided in said section that, "If the judgment, order or decree appealed from be not included in a judgment roll, the party desiring to appeal shall on the filing of said notice, specify therein such of the pleadings, papers, records and files in said cause as he desires to have incorporated in said transcript in addition to the matters hereinbefore required and the same shall be included."

Provision is then made in said section for the preparation of the transcript, the filing of the same with the clerk and the giving of notice to counsel of the time when the court would settle said transcript, and upon the settlement of the same by the judge he shall attach thereto his certificate certifying to the truth and correctness of the same, and it then becomes a portion of the judgment-roll and may be considered on appeal.

The foregoing portions of said section have been construed by the court many times and the rule of procedure plainly pointed out that the only portion of the transcript on appeal to which the clerk may certify is the judgment-roll and notice of appeal.

In *Richmond* v. *Julian Consolidated Min. Co.*, 176 Cal. 600 [169 Pac. 356], it is said: "The transcript contains copies of certain notices of motion, affidavits and orders bearing on this matter. But it is settled by our decisions that, where a record is made up under the alternative method, all that may be authenticated by the clerk is the judgment roll together with the notice of appeal. In the absence of a certificate of the trial judge, other papers are not a part of the record on appeal and cannot be considered."

In *Bell* v. *Brigance*, 194 Cal. 445 [229 Pac. 27], it is held that upon the certification by the trial judge of the truth and correctness of a reporter's transcript being made, the transcript becomes a part of the record on appeal and in no other way can it become such.

*Knox* v. *Schrag*, 18 Cal. App. 220 [122 Pac. 969], was an appeal from an order granting a change of the place of trial. The transcript filed was authenticated by the clerk of the court who certified that it "contains full and true copies of the bill of exceptions and notice of appeal from order, and all papers used in motion for change of venue on file in said court and cause." No bill of exceptions was ever certified by the judge. The court held, "A record so authenticated is wholly insufficient as a basis for the court to review the order appealed from."

In *Barnabee* v. *Hunstock*, 42 Cal. App. 659 [183 Pac. 951], it is held that where the order appealed from arises on a record outside the judgment-roll, it is not for the clerk, but for the judge who determined the motion, to cer-

tify the papers and proceedings on which the order appealed from was made.

In *Martin* v. *Pacific Gas & Electric Co.*, 195 Cal. 544 [244 Pac. 321], it was held that under section 953a of the Code of Civil Procedure the only record the clerk of the court may certify for use on appeal is the judgment-roll and notice of appeal and that all other matters or documents must be inserted in the reporter's transcript and settled by the judge.

In the case at bar the only matter certified to by the judge is the evidence taken on the hearing for the injunction *pendente lite*. The applications for the orders, the orders made, the minutes of the court, and the affidavit filed are all necessary to a determination of the questions presented by this appeal, but being certified to by the clerk and not by the judge, the record is wholly insufficient for us to review the action of the trial court.

Counsel for respondents has made a motion to dismiss the appeals, but it is held in *Knox* v. *Schrag, supra, Barnabee* v. *Hunstock, supra,* and *Hibernia Sav. & Loan Society* v. *Doran,* 161 Cal. 118 [118 Pac. 526], that the proper order to be made in this character of cases is to affirm the judgment. In the case last cited it is said: "Jurisdiction over the appeal having been vested by the notice of appeal given by appellant, the proper order would be one of affirmance of the order upon appeal for lack of a record showing error."

In this case this court having acquired jurisdiction by the filing of the notice of appeal and its proper certification by the clerk to this court, but there being no proper record before the court upon which it may examine into the merits of the orders appealed from, they, and each one of them, must be affirmed, and it is so ordered.

Plummer, J., and Finch, P. J., concurred.