[Civ. No. 7257. First Appellate District, Division Two.—March 17, 1930.]

BRUCE M. WILD et al., Appellants, v. HARRY M. ARRAND et al., Respondents.

Charles S. Conner for Appellants.

Winterer, Combs & Ritchie for Respondents.

BURROUGHS, J., *pro tem.*—This is an action for the rescission of a contract. Judgment was entered in favor of the defendants. The plaintiffs appeal.

The only point presented for a reversal of the judgment is the insufficiency of the evidence to justify the findings of fact. The evidence taken at the trial is not before us. There is neither a bill of exceptions prepared in accordance with section 650 of the Code of Civil Procedure nor a transcript of the evidence under the provisions of section 953a et seq. of said code. We are, therefore, precluded from examining the evidence. (*Bell* v. *Brigance,* 194 Cal. 445 [229 Pac. 27]; *Philbrook* v. *Randall,* 195 Cal. 95 [231 Pac. 739].) Under such circumstances the findings of the trial court must be accepted as the facts of the case. (*Spring Valley Water Co.* v. *County of Alameda,* 88 Cal. App. 157 [263 Pac. 318].)

Plaintiffs claim that the title to a certain automobile which they received under the terms of the contract never vested in them and, therefore, there was a failure of consideration. (Sec. 45 (e), p. 402, California Vehicle Act of 1925.) On this subject the court found: "That on or about the 23d day of November, 1923, and within a reasonable time after said exchange, defendants secured a certificate of

registration for the said Mitchell car from the State of California, and delivered the same to plaintiffs, and at the said time defendants offered to transfer the said certificate of registration to plaintiffs, but plaintiffs refused to accept such transfer."

The court also found that appellants did not restore or offer to restore what they had received from the defendants. (Sec. 1691, Civ. Code.)

These findings are sufficient to sustain the judgment.

No error has been shown. The judgment is affirmed.

Sturtevant, J., and Nourse, Acting P. J., concurred.