[Civ. No. 4348.   Third Appellate District.—February 3, 1931.]

ERNEST F. O'BANION, Appellant, v. CALIFORNIA CANNING PEACH GROWERS (a Corporation) et al., Defendants; H. J. McLELLAN, Respondent.

Loyd E. Hewitt for Appellant.

Bradford Webster for Respondent.

MR. JUSTICE Pro Tem. McDANIEL Delivered the Opinion of the Court.—The respondent moved to dismiss this appeal upon the following grounds, to wit: 1. No transcript on appeal, nor points and authorities in support of the appeal have been filed herein.   2. Proceedings initiated by appellant under section 953a of the Code of Civil Procedure were terminated adversely to appellant in the trial court on motion of respondent.

An appeal was taken from the trial court's order and judgment terminating proceedings.   That judgment was affirmed in this court November 1, 1930.   A rehearing therein having been denied, the judgment has now become

final. (*O'Banion* v. *California Canning Peach Growers, etc.,* 109 Cal. App. 328 [292 Pac. 975].)

A mere inspection of the record herein will show that the appellant did not perfect his appeal and is entitled to no relief upon that appeal. (Rules of the Supreme and District Courts of Appeal, I, sec. 1, rules V and VI; secs. 953a and 954, Code Civ. Proc.) In cases where a mere inspection of the record shows that appellant is entitled to no relief, it has been held that a motion to dismiss an appeal is not the proper remedy, but a motion to affirm the order appealed from should be granted.

In *Hibernia Sav. & Loan Soc.* v. *Doran,* 161 Cal. 118 [118 Pac. 526], in which case a mere inspection of the record disclosed that appellant was entitled to no relief, it was held that, as a matter of convenience, the court could entertain a motion to dismiss, saying in the concluding part of the opinion: "Ordinarily, it can matter little whether the form of the order made in the premises be one of dismissal or one of affirmance for lack of proper record. In the present case, however, jurisdiction over the appeal having been vested under the new system by the notice given by appellant to the clerk, the proper order would be one of affirmance of the order upon appeal for lack of record showing error." (See, also, *Barnabee* v. *Hunstock,* 42 Cal. App. 659 [183 Pac. 951]; *Knox* v. *Schrag,* 18 Cal. App. 220 [122 Pac. 969].)

It therefore is ordered that the judgment of the lower court herein be and the same is hereby affirmed. *Remittitur* forthwith.