[Sac. No. 4556. In Bank.—August 24, 1931.]

In the Matter of the Proceedings to have MARY LOPES SILVA Declared an Abandoned Child.

Thomas F. Lopez for Appellants.

Samuel V. Cornell for Respondent.

WASTE, C. J.—This is an appeal from a judgment declaring the infant daughter of the appellants to be an abandoned child.  There is also a motion to dismiss the appeal on the ground that the transcript of the evidence is incomplete. The appeal was regularly taken, and we have before us a clerk's transcript and what purports to be a reporter's transcript. The motion must, therefore, be denied, and the appeal considered on the merits. (*Waymire* v. *California Trona Co.*, 176 Cal. 395, 398 [168 Pac. 563].)

The proceeding is one prosecuted under subdivision 1 of section 15 of the Juvenile Court Law (Stats. 1915, p. 1225, and Amendments; 1 Deering's Gen. Laws 1923, p. 1535,

Act 3966), which provides, in substance, that a child left in the care and custody of another by his parents "without any provision for his support, or without communication from such parent or parents, for the period of one year with the intent to abandon" is deemed to be an abandoned person. Mary Lopes Silva, the child about whom this proceeding revolves, is the infant daughter of the appellants. Several years prior to the commencement of this proceeding, the care and custody of the child was entrusted to the respondent Marie S. Canisso, a neighbor. The original understanding between the parties was that the child might remain with the respondent and her husband for a two weeks' period. For one reason or another, the child was permitted to remain with respondent uninterruptedly for approximately five years, during all of which time the respondent adequately cared and provided for her. Upon this and other evidence, the trial court found that the minor had been left in the care, custody and control of the respondent for more than a year without any provision for her support and with the intent of her parents to abandon her. The appealing parents question the sufficiency of the evidence to support this finding.

The reporter's transcript does not contain all of the evidence adduced before the trial court for the reason that no reporter was present during the time respondent was testifying on direct examination. The following statement appears on page 1 of the reporter's transcript: "Mrs. Marie S. Canisso [the respondent] re-called for cross-examination." Inspection of the entire record fails to disclose a report of respondent's direct examination. The face of the transcript thus gives rise to an inference that at best it is but an incomplete and partial record of the proceedings had before the trial court. Without the benefit of the entire record, we cannot say that the evidence is insufficient to support the finding of an abandonment. Every intendment is in favor of the findings and judgment of the court below, and in support thereof it will be presumed that the omitted evidence authorized the same unless there is something in the record to overcome the presumption. (*Coleman* v. *Farwell*, 206 Cal. 740, 742 [276 Pac. 335]; *Shepard* v. *Yale*, 94 Cal. App. 104, 106 [270 Pac. 742]; *Owen* v. *Morton*, 24 Cal. 373, 377, 378.)

■ Appellants contend that this presumption is inapplicable to the present case for the reason that we are precluded from going behind the trial court's certificate which purports to settle and authenticate the reporter's transcript as a complete report of all the proceedings had and taken before it. In support of this proposition the appellants cite, among others, the case of *Bell* v. *Brigance,* 194 Cal. 445 [229 Pac. 27, 28]. It was necessary, in that case, to determine whether or not the trial judge's certificate that the transcript was full and complete should prevail over the reporter's certificate that it was incomplete and but a partial report of the proceedings. We held that the "certificate of the judge is the only certificate required or provided for by section 953a, *supra,* . . . , and is the only authentication of the transcript to which this court will look. The reporter's certificate may have been of assistance to the court below . . . but it adds nothing to the authenticity of the transcript in question." It is intimated in the decision that if a proper and contrary showing be made, the certificate of a trial judge as to the completeness of a transcript need not prove a stumbling block to the proper disposition of a cause. It is there declared that respondent "has not pointed out a single particular in which it [the reporter's transcript] fails to contain the matters required by the sections of the code. . . . No affidavits are presented here in support of his claim that a complete record has not been transmitted to this court. His contention must, therefore, give way in the face of the certificate of the judge attached to the transcript."

In the instant case, we have ample evidence before us to overcome the effect of the certificate attached to the transcript. In addition to the failure of the transcript to include a copy of respondent's testimony given on direct examination, it is admitted that the reporter was not in the courtroom while the respondent was testifying on direct examination. More important still, we have before us a certified copy of an order of the trial judge amending and correcting his original certificate to the transcript to conform to the facts. This amended certificate reads, in part:

"Whereas, . . . the Judge of the above entitled court, did certify that said transcript was a full, true, correct

and fair transcript of the proceedings had at the trial and of the testimony offered or taken, and

"Whereas, said certificate was and is contrary to fact and contrary to the records and files of this court in the above entitled matter, and was inadvertently made, and it appearing proper that said certificate should be amended and corrected to conform to the truth and to the records and files of this court,—

"Now, Therefore, it is hereby ordered that said certificate be and the same is hereby amended to read as follows, . . . " The amended certificate then declares the reporter's transcript to be full, true, and correct, "except that said transcript does not contain any record of the direct examination of the petitioner in said matter, to-wit: Marie S. Canisso [respondent here], and that there was no official court reporter present at the time of the direct examination of the said Marie S. Canisso".

█ We find no merit in the point that the court below was without authority to amend its certificate subsequent to the filing of the transcript in this court. It has repeatedly been held that a court of record has the inherent right and power to cause its acts and proceedings to be correctly set forth in its records. (*Dowd* v. *Superior Court,* 69 Cal. App. 4, 7 [230 Pac. 961, 962], and leading cases therein cited.) A trial court may correct and augment an incomplete reporter's transcript, inadvertently settled, even subsequent to its filing in an appellate court. In the case last above cited it is held that the trial court might with propriety amend a settled transcript then on file in the appellate court, by adding thereto certain inadvertently omitted instructions. Such a course is declared to be proper because "the record on appeal as certified to by the trial court did not speak the truth". In fact, the proper procedure whereby inadvertently omitted papers, etc., might be included in a reporter's transcript duly certified and filed in an appellate court is by way of application, in the first instance, to the trial court for relief. (*Martin* v. *Pacific Gas & Elec. Co.,* 195 Cal. 544, 546 [234 Pac. 321].) If a trial court may thus substantially amend its record on file in an appellate court so as to cause it to "speak the truth", we perceive of no good reason why it may not amend its certification thereof for the same reason. In

*Lapique* v. *Superior Court,* 40 Cal. App. 582, 584 [181 Pac. 227, 228], it is intimated that "If the order of settlement was made through mistake, inadvertence, surprise, or excusable neglect," relief may be had under section 473 of the Code of Civil Procedure. It may well be that the amended order of certification made herein was by way of relief under that section. Nor are we precluded from a consideration of such amended order of certification by reason of respondent's failure to bring it before us by suggestion of diminution of the record. Section 953 of the Code of Civil Procedure declares, in part: "If it appear that there is any paper or record in the custody of the clerk of the trial court which was before the trial court but which is not included in the record on appeal, and an examination of such paper or record will assist in a determination of the appeal on its merits, the court in which the appeal is pending may, on motion of either party, *or on its own motion,* require the production of a certified copy of such paper or record, and the same shall thereupon be deemed a part of the record on appeal." (Italics ours.) A certified copy of the amended order of certification has been filed here, and we may with propriety, and under the authority of the above code section, consider such amended order as though we had, of our own motion, required its production.

It being definitely established that the reporter's transcript now before us does not contain all of the testimony adduced before the court below, we are not in a position to declare the evidence insufficient to support the trial court's finding of an abandonment. Under the authorities already cited, it must be presumed that the testimony of respondent given on direct examination, and not included in the reporter's transcript, authorizes and sustains the finding.

The motion to dismiss is denied. The judgment must be, and it is hereby affirmed.

Curtis, J., Langdon, J., and Preston, J., concurred.