[Civ. No. 5061.   Third Appellate District.—April 14, 1934.]

SECURITY FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), Respondent, v. J. G. RUDDLE PROPERTIES, INC., et al., Defendants; CARL E. WAGNER, Appellant.

C. H. White and Louis Ferrari for Appellant.

O'Melveny, Tuller & Myers and F. M. Ostrander for Respondent.

PULLEN, P. J.—This matter comes before us on a motion for dismissal of appeal or affirmance of judgment. It appears from the record before us that an action was commenced by Security First National Bank of Los Angeles, a national banking association, against J. G. Ruddle Properties, Inc., and Carl E. Wagner et al. Judgment was entered by the trial court in favor of plaintiff and upon appeal to the Supreme Court (218 Cal. 435 [23 Pac. (2d) 1016]) the judgment was modified in certain particulars and affirmed. Thereupon, in accordance with Rule XXIII of the Rules for the Supreme Court and District Courts of Appeal, costs on appeal were recoverable by appellant. Through an oversight the cost bill was not served upon respondent Security First National Bank, but was served upon Hunter-Dulin Company, one of the defendants therein. This error was not discovered until after the expiration of the time prescribed for the filing and service of the cost bill and appellant then moved the superior court for a hearing thereon, and for an extension of time to file its cost bill against the respondent. The motion for an extension of time was denied and the cost bill, in so far as it affected respondent, was stricken from the files for lack of service. From that order appellant Wagner gave notice of appeal and in pursuance of his notice has filed in this court a transcript on appeal containing the various motions, affidavits and orders relating to the matter of costs, such transcript being certified by the clerk of the court. Respondent here moves to dismiss the appeal on the ground the record on appeal contains no bill of exceptions or reporter's transcript certified by the trial judge as required by section 953 of the Code of Civil Procedure, and on the further ground the question raised by the appeal is unsubstantial.

We believe the contention of respondent that the record on appeal is not properly before us and is defective in a material point is well taken. *Barnabee* v. *Hunstock*, 42 Cal. App. 659 [183 Pac. 951], is apparently controlling on

the question here. In that case the court said: ''Where the order appealed from is subsequent to the judgment, and arises on a record outside the judgment-roll, it is not for the clerk, but for the judge who determined the motion, to certify the papers and proceedings on which the order appealed from was made. (*Thompson* v. *American Fruit Co.,* 21 Cal. App. 338 [131 Pac. 878]; *Credit Clearance Bureau* v. *Weary & Alford Co.,* 18 Cal. App. 467 [123 Pac. 548]; *Totten* v. *Barlow,* 165 Cal. 378 [132 Pac. 749]; *Richmond* v. *Julian Consolidated Min. Co.,* 176 Cal. 600 [169 Pac. 356].)''

To the same effect are *Reed* v. *Clark,* 57 Cal. App. 243 [206 Pac. 1018], and *O'Banion* v. *California C. P. Growers,* 111 Cal. App. 537 [295 Pac. 1041]. In the latter case it is said: ''A mere inspection of the record herein will show that the appellant did not perfect his appeal and is entitled to no relief upon that appeal. (Rules of the Supreme Court and District Courts of Appeal, I, Sec. 1, Rules V and VI, Secs. 953a and 954, Code Civ. Proc.)''

Also to the same effect see *Gordon* v. *Beasore,* 86 Cal. App. 343 [260 Pac. 824].

The appeal is therefore dismissed.

Thompson, J., and Plummer, J., concurred.