[Civ. No. 10113. Second Appellate District, Division Two.—June 15, 1936.]

W. B. LAUMANN et al., Appellants, v. NELLIE V. CONNER, as Special Administratrix, etc., Respondent.

W. B. LAUMANN et al., Appellants, v. NELLIE V. CONNER, Respondent.

H. A. I. Wolch for Appellants.

James W. Bell for Respondent.

GOULD, J., *pro tem.*—Two actions entitled as above, consolidated for the purpose of trial, were brought to recover a deficiency upon a promissory note after foreclosure of a deed of trust. At the conclusion of plaintiffs' testimony the trial court granted defendants' motions for nonsuit as to both cases. Subsequent to the granting of such motions the court signed a formal judgment "that plaintiffs take nothing", which judgment was preceded by a recital as to the facts of the trial, including a statement that as to one action the motion for nonsuit was made upon the grounds " (1) that the complaint did not state facts sufficient to constitute a cause of action, and (2) that the action did not conform to the provisions of section 580 of the Code of Civil Procedure"; and that "said motion for a nonsuit was granted". As to the other action the recital states that the motion for nonsuit was made upon the ground "that the complaint did not state facts sufficient to constitute a cause of action", and the court "granted defendant's motion for such nonsuit". The minute entries of the orders granting nonsuit consisted simply of the formal notation that the motions were granted, without specifying the grounds upon which they were made or the grounds of the court's decision.

Plaintiffs appealed under section 953a of the Code of Civil Procedure both from the orders granting nonsuit and from the formal judgment thereafter entered. For reasons set forth in *Lawmann* v. *Conner,* 12 Cal. App. (2d) 631 [55 Pac. (2d) 1225], it became impossible for plaintiffs to have prepared and to present to this court a reporter's transcript of the proceedings at the trial, and the cases therefore come

before us upon the judgment roll alone. This being so, we cannot consider the matters set forth in the supplement to appellants' brief; and likewise, there being no authenticated record from the trial court as to the testimony and evidence, we must disregard appellants' "statement of facts".

Every presumption is in favor of the regularity of the proceedings in the court below (*Richmond* v. *Julian etc. Co.*, 176 Cal. 600 [169 Pac. 356]). The entry of the minute order by the clerk upon granting of motion for nonsuit makes the order effective for all purposes, and is in fact the judgment of the court constituting a dismissal of the action. (Sec. 581, Code Civ. Proc.; *Bengel* v. *Traeger*, 100 Cal. App. 526 [280 Pac. 538]; *Henry* v. *Lingsweiler*, 81 Cal. App. 142 [253 Pac. 357].) Hence the recitals in the formal judgment signed by the court after the entry of the orders granting the motions for nonsuit form no part of the record herein, and it becomes unnecessary to consider their effect.

Judgment and orders affirmed.

Crail, P. J., and Wood, J., concurred.