[Civ. No. 2487.  Fourth Appellate District.—March 24, 1941.]

GERALDINE STEVENSON, a Minor, etc., et al., Appellants, v. GRANT M. FLEMING, Respondent.

[Civ. No. 2488.  Fourth Appellate District.—March 24, 1941.]

LUCINDA RUBIDOUX, Appellant, v. GRANT M. FLEMING, Respondent.

Gibson, Dunn & Crutcher, Philip C. Sterry, Taylor, Kollinger & Bolton and Joseph D. Taylor for Appellants.

Kelley & Hews and Loyal C. Kelley for Respondent.

MARKS, J.—■ This is a motion for diminution of the record by incorporating therein a duly certified copy of defendant's instruction number thirty. This instruction, as proposed, is not contained in the record. It contains, among other things, a quotation of the basic speed law as set forth in section 510 of the Vehicle Code, a statement that a violation of this basic rule is negligence, and the further statement that violation of law is of no consequence unless it be the proximate cause of the injury.

An identical instruction is set forth in the reporter's transcript except that the word "maximum" is used instead of the word "proximate".

Section 953 of the Code of Civil Procedure permits diminution of the record, "if it appears that there is any paper or record in the custody of the clerk of the trial court which was before the trial court but which is not included in the record on appeal, and an examination of such paper or record will assist in a determination of the appeal on its merits, the court in which the appeal is pending may, on motion of either party, or on its own motion, require the production of a certified copy of such paper or record, and the same shall thereupon be deemed a part of the record on appeal". (See, also, Rules 14 and 25, Rules for the Supreme Court and District Courts of Appeal.) It has been held that these provisions should be liberally construed. (*Fritsche* v. *McCue*, 34 Cal. App. (2d) 46 [92 Pac. (2d) 928].)

It has been held that a motion for diminution of the record should be granted where it is proposed to show at whose request instructions were given to the jury. (*Brandes* v. *Rucker-Fuller Desk Co.*, 100 Cal. App. 512 [280 Pac. 379].) Under this holding we are inclined to grant the motion as the record will then show that the instruction as proposed was in proper form. If, when the case is submitted on the

merits, it should develop that this instruction, as proposed, has no proper bearing on the case, it can be disregarded. (*Carter* v. *Carr*, 136 Cal. App. 60 [27 Pac. (2d) 940].)

If it is the purpose of counsel to impeach or correct the record contained in the reporter's transcript we doubt that it can be done in this manner. ██ If the transcript, as certified by the reporter and the trial judge, does not contain a correct transcription of instruction thirty as actually given to the jury, power to correct it and to make the transcript speak the truth still rests in the trial court even though an appeal from the judgment is pending. (*Locke Paddon* v. *Locke Paddon*, 194 Cal. 73 [227 Pac. 715]; *In re Silva*, 213 Cal. 446 [2 Pac. (2d) 341].)

The motion for diminution of the record is granted and the certified copy of defendant's instruction number thirty is ordered filed as a part of the record on this appeal.

Barnard, P. J., and Griffin, J., concurred.